UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.  1:24cv24089

**ELIZABETH SANTIAGO-DURAN,**

    Plaintiff,

v.

**VANGUARD PARKING SOLUTIONS INC**
**PENN CREDIT CORPORATION**,
and **JOHN DOE**,

    Defendants.

_____/

**JURY TRIAL DEMANDED**

**INJUNCTIVE RELIEF SOUGHT**

## COMPLAINT

Plaintiff Elizabeth Santiago-Duran ("Plaintiff" or "Santiago-Duran") sues Vanguard Parking Solutions Inc, Penn Credit Corporation, and John Doe (collectively, "Defendants") for violations the Florida Consumer Collection Practices Act ("FCCPA") and Fair Debt Collection Practices Act ("FDCPA").

**JURISDICTION AND VENUE**

1. Jurisdiction of this Court arises under 15 U.S.C. §1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1337.

2. Venue in this District is proper because Plaintiff resides here, Defendants transact business here, and the complained conduct of Defendants occurred here.

**PARTIES**

3. Santiago-Duran is a natural person, and a citizen of the State of Florida, residing in Miami-Dade County, Florida.

4. Defendant Vanguard Parking Solutions Inc ("Vanguard") is a Delaware corporation, with its principal place of business located in Hollywood, Florida. As detailed below, Vanguard, among other things, operates a parking garage owned by John Doe.

5. Defendant Penn Credit Corporation ("PennCredit") is a Pennsylvania corporation, with its principal place of business located in Harrisburg, Pennsylvania. As detailed below, PennCredit is the debt collector hired by Vanguard and/or John Doe to collect consumer debts.

6. Defendant John Doe ("JD") is the unknown, but identifiable, owner of the below described parking garage operated by Vanguard.

## DEMAND FOR JURY TRIAL

7. Plaintiff, respectfully, demands a trial by jury on all counts and issues so triable.

## ALLEGATIONS

8. Private property located at 2889 McFarlane Road, Miami, Florida 33133, holds itself open to the public for motor vehicle parking (the "Parking Garage").

9. JD is the owner of the Parking Garage.

10. JD is an entity that is separate and distinct from Vanguard.

11. On a date better known by Defendants, JD hired Vanguard to operate the Parking Garage.

12. At all times material, JD was the operator of the Parking Garage and JD was the owner of the Parking Garage.

13. Any funds collected from consumers by Vanguard, or funds paid to Vanguard by consumers, in connection with Vanguard's operation of the Parking Garage, or in connection with a consumer's alleged use of the Parking Garage, are funds collected by Vanguard on behalf of JD.

14. JD is the creditor of debts incurred by consumers for their alleged use of the Parking Garage.

15. Vanguard collects the debts owed to JD by consumers for the consumers' alleged use of the Parking Garage.

16. On a date better known by Vanguard, it simultaneously mailed three *nearly* identical letters to Santiago-Duran to confuse and mislead Santiago-Duran into erroneously paying for use of the Parking Garage.

17. Vanguard mailed Santiago-Duran a letter internally dated June 24, 2024, regarding her alleged use of the Parking Garage from 9:20 AM to 12:02 PM on June 23, 2024, with "**VANG/PCN/ACC679991546/149/000000149**" printed in small font on the bottom-left corner (the "149 Letter"). Attached as Exhibit A is a copy of the 149 Letter.

18. Vanguard mailed Santiago-Duran a letter internally dated June 24, 2024, regarding her alleged use of the Parking Garage from 9:20 AM to 12:02 PM on June 23, 2024, with "**VANG/PCN/ACC694676148/209/0000209**" printed in small font on the bottom-left corner (the "209 Letter"). Attached as Exhibit B is a copy of the 209 Letter.

19. On a date better known by Vanguard, Vanguard mailed Santiago-Duran a letter internally dated June 24, 2024, regarding her alleged use of the Parking Garage from 9:20 AM to 12:02 PM on June 23, 2024, with "**VANG/PCN/ACC712058873/279/0000279**" printed in small font on the bottom-left corner (the "279 Letter"). Attached as Exhibit C is a copy of the 279 Letter.

20. The 149 Letter, 209 Letter, and 279 Letter (collectively, the "Parking Invoices") each demand payment from Santiago-Duran for her alleged use of the Parking Garage from 9:20 AM to 12:02 PM on June 23, 2024.

21. Payment for use of the Parking Garage is due immediately before the consumer exists the Parking Garage.

22. The Parking Invoices identically state:

> This is a parking payment notice for failure to pay for parking at 2889 McFarlane Road Miami, Florida 33133 monitored by Vanguard Parking Solutions. By parking at the parking facility, you have agreed to the Parking Agreement and the term and conditions clearly displayed at the parking facility. You have an outstanding balance of $85.00, this amount is due 15 days from the parking payment notice date. If you pay within 15 days of the parking payment notice date, you get a discounted Parking Charge in the amount of $55.00, plus any applicable state sales tax and/or parking surcharges. **If you failed to pay within the 15 days, then you are responsible to pay the full amount of the Parking Charge up to a maximum amount of $125**.

*See* Exhibit A; Exhibit B; and Exhibit C (emphasis original).

23. The Parking Invoices contain the following identical language and imagery:

**PARKING PAYMENT NOTICE**

This is a parking payment notice for failure to pay for parking at 2889 McFarlane Road Miami, Florida 33133 monitored by Vanguard Parking Solutions. By parking at the parking facility, you have agreed to the Parking Agreement and the terms and conditions clearly displayed at the parking facility. You have an outstanding balance of $85.00, this amount is due 15 days from the parking payment notice date. If you pay within 15 days of the parking payment notice date, you get a discounted Parking Charge in the amount of $55.00, plus any applicable state sales tax and/or parking surcharges. If you failed to pay within the 15 days, then you are responsible to pay the full amount of the Parking Charge up to a maximum amount of $125.

To contact us regarding this Parking Charge, you must visit payparkingnotice.com or call (954) 228-3280.

PAYMENT BY CREDIT CARD OR DEBIT CARD IS MADE AVAILABLE ONLINE AT PAYPARKINGNOTICE.COM, OR MAIL A MONEY ORDER OR BANK CHECK MADE OUT TO VANGUARD PARKING SOLUTIONS INC. AND SENT TO 3389 SHERIDAN ST. HOLLYWOOD, FL 33021 BOX #328.

IF YOU HAVE ANY QUESTIONS PLEASE CONTACT US BY PHONE AT **(954) 228-3280** OR VISIT OUR WEBSITE PAYPARKINGNOTICE.COM

ENTRY 6/23/2024 9:20 AM 


EXIT 6/23/2024 12:02 PM 


THIS NOTICE IS PRIVATELY ISSUED BY VANGUARD ON BEHALF OF THE OWNER. IT IS NOT ISSUED BY A GOVERNMENTAL AUTHORITY, AND IS NOT SUBJECT TO CIVIL OR CRIMINAL PENALTIES. HOWEVER, FAILURE TO MAKE THE PAYMENT MAY RESULT IN REFERRING TO COLLECTIONS, ARBITRATION, OR FURTHER LEGAL ACTION.

IF YOU HAVE ALREADY SENT PAYMENT FOR THIS NOTICE, PLEASE DISREGARD.

*See* Exhibit A; Exhibit B; and Exhibit C.

24. In the upper-right corner of the 149 Letter, Vanguard uses a format similar to citations issued by a governmental agency to demand payment of $67.68 from Santiago-Duran for her alleged use of the Parking Garage from 9:20 AM to 12:02 PM on June 23, 2024:

| NAME | | AMOUNT DUE |
|---|---|---|
| SANTIAGO-DURAN, ELIZABETH | | $67.68 |
| NOTICE NUMBER | DATE ISSUED | DUE DATE |
| 1260264 | 6/24/2024 | 7/9/2024 |
| PLATE NUMBER | STATE | TYPE |
| 27EHXY | FL | NON-PAYMENT |

*See* Exhibit A.

25. In the upper-right corner of the 209 Letter, Vanguard uses a format similar to citations issued by a governmental agency demand payment of $104.59 from Santiago-Duran for her alleged use of the Parking Garage from 9:20 AM to 12:02 PM on June 23, 2024:

| NAME | | AMOUNT DUE |
|---|---|---|
| SANTIAGO-DURAN, ELIZABETH | | $104.59 |
| NOTICE NUMBER | DATE ISSUED | DUE DATE |
| 1260264 | 6/24/2024 | 7/9/2024 |
| PLATE NUMBER | STATE | TYPE |
| 27EHXY | FL | NON-PAYMENT |

*See* Exhibit B.

26. In the upper-right corner of the 279 Letter, Vanguard uses a format similar to citations issued by a governmental agency demand payment of $104.59 from Santiago-Duran for her alleged use of the Parking Garage from 9:20 AM to 12:02 PM on June 23, 2024:

| NAME | | AMOUNT DUE |
|---|---|---|
| SANTIAGO-DURAN, ELIZABETH | | $104.59 |
| NOTICE NUMBER | DATE ISSUED | DUE DATE |
| 1260264 | 6/24/2024 | 7/9/2024 |
| PLATE NUMBER | STATE | TYPE |
| 27EHXY | FL | NON-PAYMENT |

*See* Exhibit C.

27. The Parking Invoices demand payment from Santiago-Duran for the exact same alleged use of the Parking Garage, except the 149 Letter demands payment in the amount of $67.68, while the 209 Letter and 279 Letter demand payment in the amount of $104.59.

28. Contrary to the language of the Parking Invoices, Santiago-Duran did not agree to the "Parking Agreement" by "parking at the [Parking Garage]," nor were "the terms and conditions clearly displayed" at the Parking Garage.

29. Using the license plate number codified on the Parking Invoices, Vanguard submitted an unauthorized request to Florida Department of Transportation and, in so doing, obtained access to Santiago-Duran's highly restricted personal information.

30. Without Santiago-Duran authorization, and without a permissible purpose under either 18 U.S.C § 2721 or Fla. Stat. § 119.0712, Vanguard illegally obtained Santiago-Duran's highly restricted personal information by scanning her vehicle's license plate and used the collected information to demand payment from her by and through the Parking Invoices.

31. The Parking Invoices fail to provide or disclose a method to dispute and appeal the amount damaged for Santiago-Duran's alleged use of the Parking Garage.

32. In light of the explicit variance in amounts demanded between the Parking Invoices and Santiago-Duran's simultaneous receipt of all three letters, had the Parking Invoices provided or disclosed a method of dispute for her to dispute or appeal the charge, she would have taken advantage of the opportunity under the circumstances.

33. The Parking Invoices serve as Vanguard's initial communication with Santiago-Duran in connection with the debt she owed for her alleged use of the Parking Garage from 9:20 AM to 12:02 PM on June 23, 2024.

34. Vanguard is a business entity engaged in the business of soliciting consumer debts for collection.

35. Vanguard is a business entity engaged in the business of collecting consumer debts.

36. Vanguard regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

37. Vanguard failed to register with the Florida Office of Financial Regulation as a "Consumer Collection Agency."

38. Vanguard failed to disclose in the Parking Invoices that it (Vanguard) was a debt collector.

39. Vanguard failed to disclose in the Parking Invoices that it (Vanguard) was attempting to collect a debt.

40. Vanguard failed to disclose the information required by 15 U.S.C. § 1692g(a) to Santiago-Duran either within the Parking Invoices or within five (5) days thereof.

41. Vanguard lacks the contractual right to demand payment from Santiago-Duran in the amount of $67.68 her alleged use of the Parking Garage from 9:20 AM to 12:02 PM on June 23, 2024, in the 149 Letter.

42. Vanguard lacks the contractual right to demand payment from Santiago-Duran in the amount of $104.59 her alleged use of the Parking Garage from 9:20 AM to 12:02 PM on June 23, 2024, in the 209 Letter and the 279 Letter.

43. Vanguard lacks the statutory right to demand payment from Santiago-Duran in the amount of $67.68 her alleged use of the Parking Garage from 9:20 AM to 12:02 PM on June 23, 2024, in the 149 Letter.

44. Vanguard lacks the statutory right to demand payment from Santiago-Duran in the amount of $104.59 her alleged use of the Parking Garage from 9:20 AM to 12:02 PM on June 23, 2024, in the 209 Letter and the 279 Letter.

45. On August 19, 2024, after Vanguard successfully deceived and/or otherwise wrongfully mislead Santiago-Duran as to the legitimacy of the Parking Invoices, Santiago-Duran paid $104.59 to Vanguard for her alleged use of the Parking Garage from 9:20 AM to 12:02 PM on June 23, 2024. Attached as Exhibit D is the receipt of said payment.

46. Despite having successfully collected ill-gotten funds from Santiago-Duran, Vanguard proceeded to hire an outside collection agency, PennCredit, to continue demanding payment from Santiago-Duran for her alleged use of the Parking Garage from 9:20 AM to 12:02 PM on June 23, 2024.

47. On a date better known by Vanguard and PennCredit, Vanguard transmitted to PennCredit the highly restricted personal information it (Vanguard) unlawfully obtained from Santiago-Duran by scanning her license plate.

48. PennCredit is a business entity engaged in the business of soliciting consumer debts for collection.

49. PennCredit is a business entity engaged in the business of collecting consumer debts.

50. PennCredit regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

51. PennCredit is registered with the Florida Office of Financial Regulation as a "Consumer Collection Agency."

52. PennCredit maintains all the records specified in Rule 69V-180.080, Florida Administrative Code.

53. PennCredit specified by Rule 69V-180.080, Florida Administrative Code, of which Defendant-DC does maintain, are current to within one week of the current date.

54. PennCredit's "Consumer Collection Agency" license to remain valid, PennCredit is required to maintain, *at minimum*, all records specified in Rule 69V-180.080, Florida Administrative Code, and keep such records current within one week of the current date.

55. Rule 69V-180.080(3)(e) of the Florida Administrative Code commands that PennCredit *shall* maintain: "[t]he debtor's account of activity disclosing… a record of payments made by the debtor, including the date received and the amount and balance owing."

56. Rule 69V-180.080(9)(a)-(b) of the Florida Administrative Code commands that PennCredit *shall* maintain: "basic information about the debt including, at minimum… [d]ocumentation of the debt provided by the creditor," as well as "[t]he date the debt was incurred and the date of the last payment."

57. On a date better known by PennCredit, it sent Santiago-Duran a letter internally dated August 21, 2024 (the "Collection Letter") in an attempt to collect $104.59 for her alleged use the Parking Garage from 9:20 AM to 12:02 PM on June 23, 2024. Attached as Exhibit E is a copy of the Collection Letter.

58. Prior to PennCredit preparing and mailing the Collection Letter to Santiago-Duran, Santiago-Duran had paid the debt sought by the Collection Letter.

59. The Collection Letter demanded payment from Santiago-Duran for a debt which had already been paid.

60. The debt demanded in the Collection Letter represents an amount which neither PennCredit, nor Vanguard, had any statutory or contractual right to assess or attempt to collect from Santiago-Duran for her alleged use the Parking Garage from 9:20 AM to 12:02 PM on June 23, 2024.

61. PennCredit was required to provide "validation information" in the Collection Letter. *See* 12 C.F.R. § 1006.34(c).

62. The "validation information" that PennCredit was required to provide in the Collection Letter includes, but is not limited to, "information about the debt." *See* 12 C.F.R. § 1006.34(c)(2).

63. Among the information That PennCredit was required to provide was an "itemization date," of which could be one of five different dates, *i.e.*, (1) the last statement date; (2) the charge-off date; (3) the last payment date; (4) the transaction date; or (5) the judgment date.

64. The "itemization date" used by PennCredit in the Collection Letter was August 12, 2024.

65. August 12, 2024, is not the date of the last statement from Vanguard.

66. August 12, 2024, is not the charge-off date of the subject debt.

67. August 12, 2024, is not the date the last payment date for the subject debt.

68. August 12, 2024, is not the transaction date of the subject debt.

69. August 12, 2024, is not the judgment date for the subject debt.

70. The Collection Letter falsely represents that, as of August 12, 2024, Santiago-Duran owed $104.59, and between August 12, 2024, and the date of the letter, *i.e.*, August 21, 2024, Santiago-Duran paid and/or was credited $0.00 towards the debt, failing to account for the

$104.59 paid by Santiago-Duran on August 19, 2024, and, in so doing, falsely represented the amount of the debt.

## COUNT 1
## <u>VIOLATION OF FLA. STAT. § 559.72(9)</u>
(against Vanguard and JD)

71. Plaintiff incorporates by reference paragraphs 8 through 70 of this Complaint.

72. Section 559.72, Fla. Stat., of the FCCPA contains nineteen subsections and otherwise codifies an extensive list of acts and/or omissions that the FDCPA does not explicitly prohibit. Accordingly, in collecting consumer debts, pursuant to the FCCPA no person shall: "[c]laim, attempt, or threaten to enforce a debt when such Person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist." Fla Stat. § 559.72(9).

73. By and through the Parking Invoices, Vanguard sought the collection of two completely separate amounts, $104.59 and $67.68, for the same alleged use of the Parking Garage by Santiago-Duran – *i.e.*, her alleged use of the Parking Garage from 9:20 AM to 12:02 PM on June 23, 2024 – and demanded payment by July 9, 2024, for both amounts. Vanguard knew that it lacked any contractual right to demand triple payment from Santiago-Duran because (1) no enforceable contract existed between Vanguard and Santiago-Duran that would permit it (Vanguard) to demand payment from Plaintiff for any of the amounts demanded in the Parking Invoices, let alone triple payment of different amounts for the exact same alleged usage of the Parking Garage. Thus, by demanding payment from Santiago-Duran any of the individual Parking Invoices, Vanguard violated § 559.72(9) of the FCCPA.

74. By and through the Parking Invoices, Vanguard asserted the legal right to collect Santiago-Duran's highly restricted personal information by scanning her vehicle's license plate.

Vanguard, however, did so without Santiago-Duran authorization, and without a permissible purpose under either 18 U.S.C § 2721 or Fla. Stat. § 119.0712. Vanguard knew it illegally obtained Santiago-Duran's highly restricted personal information, as it (Vanguard) knew it lacked Santiago-Duran authorization, as well as lacked any permissible purpose under either 18 U.S.C § 2721 or Fla. Stat. § 119.0712. Thus, by asserting the right to unlawfully collect Santiago-Duran's highly restricted personal information without her authorization and without any permissible purpose, and to then use said unlawfully collected highly restricted personal information to bill Santiago-Duran, Vanguard violated § 559.72(9) of the FCCPA.

75.     JD contracted with Vanguard to operate the Parking Garage, whereby the operation thereof included sending consumers billing statements for their alleged use of the Parking Garage. As such, the above-mentioned violation of Fla. Stat. § 559.72(9) committed by Vanguard are the product of acts and/or omission perpetrated by Vanguard within the scope and course of agency between it (Vanguard) and JD. Thus, as the owner of the Parking Garage and having intentionally contracted with Vanguard for the operation thereof on its (JD's) behalf, JD is vicariously liable for Vanguard's violation of Fla. Stat. § 559.72(9). As such, Defendants violated Fla. Stat. § 559.72(9) in two separate and independent ways: (1) by demanding payment from Santiago-Duran any of the individual Parking Invoices; and (2) by asserting the right to unlawfully collect Santiago-Duran's highly restricted personal information without her authorization and without any permissible purpose, and to then use said unlawfully collected highly restricted personal information to bill Santiago-Duran.

76.     WHEREFORE, Plaintiff respectfully requests this Court to enter a judgment against Vanguard and JD, awarding Plaintiff the following relief

(a)     Statutory and actual damages as provided under Fla. Stat. § 559.77(2);

  (b)  Actual damages as provided under Fla. Stat. § 559.77(2);

  (c)  Punitive damages as provided under Fla. Stat. § 559.77(2)

  (d)  An injunction prohibiting Vanguard from engaging in further collection activities directed at Plaintiff that are in violation of the FCCPA;

  (e)  Costs and reasonable attorneys' fees pursuant to Fla. Stat. § 559.77(2); and

  (f)  Any other relief that this Court deems appropriate under the circumstances.

**COUNT 2**
**<u>VIOLATION OF 15 U.S.C. § 1692e(11)</u>**
(against Vanguard)

77. Plaintiff incorporates by reference paragraphs 8 through 70 of this Complaint.

78. Section 1692e of the FDCPA prohibits the use of "false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. §1692e. The sixteen subsections of § 1692e set forth a non-exhaustive list of practices that fall within this ban, including, but not limited to: "[t]he failure to disclose in the initial written communication with the consumer … that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose…." 15 U.S.C. § 1692e(11).

79. As stated above, by and through the Parking Invoices, Vanguard, as the debt collector hired by JD to collect debts arising from a consumer's use of the Parking Garage, demanded payment from Santiago-Duran for her alleged use of the Parking Garage from 9:20 AM to 12:02 PM on June 23, 2024. Vanguard, however, failed to disclose in any of the Parking Invoices that it (Vanguard) was a debt collector, that Vanguard was attempting to collect a debt, or that any information obtained would be used for debt collection purposes. Thus, by failing to provide the compulsory disclosures required by § 1692e(11) of the FDCPA in the Parking Invoices, Vanguard violated 15 U.S.C. § 1692e(11).

80. WHEREFORE, Plaintiff respectfully requests this Court to enter a judgment against Vanguard, awarding Plaintiff the following relief:

    (a)    Statutory damages as provided under 15 U.S.C. § 1692k;

    (b)    Actual damages as provided under 15 U.S.C. § 1692k

    (c)    Costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k; and

    (d)    Any other relief that this Court deems appropriate under the circumstances.

**COUNT 3**
**VIOLATION OF 15 U.S.C. §§ 1692g and 1692e**
(against Vanguard)

81. Plaintiff incorporates by reference paragraphs 8 through 70 of this Complaint.

82. Section 1692g(a) of the FDCPA requires that a debt collector send the consumer a written notice containing the information set forth under § 1692g(a)(1)-(5) of the FDCPA either within its initial communication with the consumer in connection with the collection of a debt or within five (5) days of the debt collector's initial communication with the consumer in connection with the collection of a debt. *See* 15 U.S.C. § 1692g(a). Section 1692e of the FDCPA prohibits the use of "false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. §1692e.

83. Here, the Parking Invoices represent Vanguard's initial communication with Santiago-Duran in connection with the collection of the parking charges. As a result, Vanguard was required to provide Santiago-Duran with written notice of the information contained under § 1692g(a) of the FDCPA either within the Parking Invoices or within five (5) days thereof.

84. The Parking Invoices did not disclose the information required by § 1692g(a)(3)-(5) of the FDCPA and Vanguard failed to provide Santiago-Duran with written notice of the omitted information within five (5) days of the Parking Invoices. Thus, by failing to provide

Santiago-Duran with sufficient notice of the information contained under § 1692g(a)(3)-(5) of the FDCPA, Vanguard violated § 1692g and § 1692e of the FDCPA.

85. WHEREFORE, Plaintiff respectfully requests this Court to enter a judgment against Vanguard, awarding Plaintiff the following relief:

    (a)    Statutory damages as provided under 15 U.S.C. § 1692k;

    (b)    Actual damages as provided under 15 U.S.C. § 1692k

    (c)    Costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k; and

    (d)    Any other relief that this Court deems appropriate under the circumstances.

**COUNT 4**
**VIOLATION OF 15 U.S.C. §§ 1692e, 1692f, and 1692g**
(against PennCredit)

86. Plaintiff incorporates by reference paragraphs 8 through 70 of this Complaint.

87. Pursuant to 12 C.F.R. § 1006.34, a debt collector must provide a consumer with certain validation information. Section 1006.34(c)(2), of which requires "information about the debt" to be disclosed, provides an explicit list information, of which includes, but is not limited to, "the name of the creditor to whom the debt was owed on the itemization date." The itemization date identified in the Collection Letter, however, was not (1) the last statement date; (2) the charge-off date; (3) the last payment date; (4) the transaction date; or (5) the judgment date.

88. Section 1692e of the FDCPA prohibits, among other things, "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. Section 1692e(2)(A) of the FDCPA explicitly prohibits "[t]he false representation of the character, amount, or legal status of any debt." 15 U.S.C. § 1692e(2). Section 1692f of the FDCPA prohibits, among other things, "unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. Section 1692g of the FDCPA requires debt collectors to make certain

disclosures, provide consumers with certain information, and to make such disclosures and provide such information within a specific timeframe. *See* 15 U.S.C. § 1692g(a)(1)-(5).

89. Here, PennCredit was required to identify the name of the creditor to whom the Consumer Debt was owed on the itemization date pursuant to 12 C.F.R. § 1006.34(c)(2)(iii). The Collection Letter, however, fails to identify the name of the creditor to whom the debt was owed on a permissible itemization date in violation of 12 C.F.R. § 1006.34(c)(2)(iii).

90. PennCredit violated § 1692e of the FDCPA by failing to identify in the Collection Letter the name of the creditor to whom the Consumer debt was owed on a permissible itemization date because PennCredit is *required* by 12 C.F.R. § 1006.34(b)(3) was select a permissible itemization date when identifying the creditor in the Collection Letter and failing to do so is false, deceptive, and/or otherwise misleading to the least sophisticated consumer.

91. PennCredit violated § 1692f of the FDCPA by failing to identify in the Collection Letter the name of the creditor to whom the Consumer debt was owed on a permissible itemization date because PennCredit is *required* by 12 C.F.R. § 1006.34(b)(3) was select a permissible itemization date when identifying the creditor in the Collection Letter and failing to do so constitutes unfair and/or otherwise unconscionable means to collect the Consumer Debt.

92. PennCredit violated § 1692g of the FDCPA by failing to identify in the Collection Letter the name of the creditor to whom the Consumer debt was owed on a permissible itemization date because PennCredit is *required* by 12 C.F.R. § 1006.34(b)(3) was use a valid itemization date when identifying the creditor in the Collection Letter and failing to do so in the Collection Letter.

93. As such, by failing to identify in the Collection Letter the name of the creditor to whom the debt was owed on a valid itemization date, PennCredit violated § 1692e of the FDCPA, § 1692f of the FDCPA, and § 1692g of the FDCPA.

94. WHEREFORE, Plaintiff respectfully requests this Court to enter a judgment against Vanguard, awarding Plaintiff the following relief:

    (a) Statutory damages as provided under 15 U.S.C. § 1692k;

    (b) Actual damages as provided under 15 U.S.C. § 1692k

    (c) Costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k; and

    (d) Any other relief that this Court deems appropriate under the circumstances.

### COUNT 5
### VIOLATION OF 15 U.S.C. § 1692e(2)(A)
(against PennCredit)

95. Plaintiff incorporates by reference paragraphs 8 through 71 of this Complaint.

96. Section 1692e of the FDCPA prohibits the use of "false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. §1692e. The sixteen subsections of § 1692e set forth a non-exhaustive list of practices that fall within this ban, including, but not limited to: "[t]he false representation of the character, amount, or legal status of any debt." 15 U.S.C. § 1692e(2)(A).

97. Here, the Collection Letter falsely represents that, as of August 12, 2024, Santiago-Duran owed $104.59, and between August 12, 2024, and the date of the letter, *i.e.*, August 21, 2024, Santiago-Duran paid and/or was credited $0.00 towards the debt, failing to account for the $104.59 paid by Santiago-Duran on August 19, 2024, and, in so doing, falsely represented the amount of the debt. Thus, by representing the amount of the debt as an amount greater than zero, PennCredit violation § 1692e(2)(A) of the FDCPA.

98. WHEREFORE, Plaintiff respectfully requests this Court to enter a judgment against Vanguard, awarding Plaintiff the following relief:

    (a) Statutory damages as provided under 15 U.S.C. § 1692k;

  (b)  Actual damages as provided under 15 U.S.C. § 1692k

  (c)  Costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k; and

  (d)  Any other relief that this Court deems appropriate under the circumstances.

**COUNT 6**
**VIOLATION OF 15 U.S.C. § 1692e**
(against PennCredit)

99. Plaintiff incorporates by reference paragraphs 8 through 70 of this Complaint.

100. Section 1692e of the FDCPA prohibits the use of "false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. §1692e.

101. As stated above, *supra* ¶¶ 73-75, Vanguard did not have any contractual or statutory right to demand payment from Santiago-Duran in the amount of $104.59 for her alleged use of the Parking Garage from 9:20 AM to 12:02 PM on June 23, 2024. Thus, PennCredit equally lacked any contractual or statutory right to demand payment from Santiago-Duran in the amount of $104.59 for her alleged use of the Parking Garage from 9:20 AM to 12:02 PM on June 23, 2024. Thus, by portraying the debt in the Collection Letter as a legitimate debt that PennCredit could lawfully demand payment of on behalf of Vanguard, PennCredit violated § 1692e of the FDCPA.

102. WHEREFORE, Plaintiff respectfully requests this Court to enter a judgment against Vanguard, awarding Plaintiff the following relief:

  (a)  Statutory damages as provided under 15 U.S.C. § 1692k;

  (b)  Actual damages as provided under 15 U.S.C. § 1692k

  (c)  Costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k; and

  (d)  Any other relief that this Court deems appropriate under the circumstances.

DATED: October 22, 2024

                                                  Respectfully Submitted,

                                                  /s/ Thomas Patti
                                                  **THOMAS PATTI, ESQ.**
                                                  Florida Bar No. 118377
                                                  E-mail:   Tom@pzlg.legal
                                                  **VICTOR ZABALETA, ESQ.**
                                                  Florida Bar No. 118517
                                                  E-mail:   Victor@pzlg.legal
                                                  PATTI ZABALETA LAW GROUP
                                                  3323 Northwest 55th Street
                                                  Fort Lauderdale, Florida 33309
                                                  Phone:      561-542-8550