UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-24089-CIV-ALTONAGA/Reid

**ELIZABETH SANTIAGO-DURAN**,

    Plaintiff,
v.

**VANGUARD PARKING
SOLUTIONS INC**; *et al.*,

    Defendants.
_____/

**ORDER**

**THIS CAUSE** came before the Court *sua sponte*. On October 22, 2024, Plaintiff, Elizabeth Santiago-Duran filed a Complaint [ECF No. 1] against Defendants, Vanguard Parking Solutions Inc, Penn Credit Corporation, and "John Doe." According to Plaintiff, John Doe represents "the unknown, but identifiable, owner of the . . . parking garage operated by Vanguard." (Compl. ¶ 6 (alteration added)).

"As a general matter, fictitious-party pleading is not permitted in federal court." *Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010) (citation omitted). A limited exception exists when "the plaintiff's description of the defendant is so specific as to be 'at the very worst, surplusage.'" *Id.* (quoting *Dean v. Barber*, 951 F.2d 1210, 1215–16 (11th Cir. 1992)). In such circumstances, the description must be "sufficiently clear to allow service of process" on the fictitious defendant. *Dean*, 951 F.2d at 1216; *see also Vielma v. Gruler*, 808 F. App'x 872, 880 (11th Cir. 2020). Plaintiff's reference to John Doe does not meet this narrow exception, as Plaintiff provides minimal details about him besides those pertaining to his ownership of the parking garage. (*See* Compl. ¶¶ 6, 9–15). In any event, should Plaintiff discover the identity of John Doe

CASE NO. 24-24089-CIV-ALTONAGA/Reid

or additional information that would allow for service of process on John Doe, she may seek leave to amend the Complaint before the deadline for amending pleadings has passed.

Accordingly, it is

**ORDERED AND ADJUDGED** that the fictitious defendant, John Doe, is **DISMISSED** without prejudice.

**DONE AND ORDERED** in Miami, Florida, this 29th day of October, 2024.

_____
**CECILIA M. ALTONAGA**
**CHIEF UNITED STATES DISTRICT JUDGE**

cc:   counsel of record