UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-24089-CIV-ALTONAGA/Reid

**ELIZABETH SANTIAGO-DURAN**,

    Plaintiff,
v.

**VANGUARD PARKING
SOLUTIONS INC.**; *et al.*,

    Defendants.
_____/

## ORDER

**THIS CAUSE** came before the Court on Defendant, Vanguard Parking Solutions Inc.'s Motion to Stay Discovery Pending Disposition of its Motion to Dismiss First Amended Complaint [ECF No. 27], filed on December 13, 2024.[1]  For the following reasons, the Motion to Stay is denied.

First, some background.  Plaintiff, Elizabeth Santiago-Duran — or at least, a vehicle registered in her name — purportedly used a parking garage in Miami from 9:20 AM to 12:02 PM on June 23, 2024.  (*See* Am. Compl. ¶¶ 12, 70–72, 83).  Defendant allegedly collects debts for the owner of the parking garage and sent three letters to Plaintiff demanding payment of $104.59.  (*See id.* ¶¶ 9, 39–40, 53–57, 69–80).  Plaintiff never consented to a paid parking arrangement, much less consented to allow Defendant to submit a personal information request to the Florida Department of Transportation using her license plate.  (*See id.* ¶¶ 10–20, 81–83).  Now, Plaintiff sues Defendant for alleged violations of the Florida Consumer Collection Practices Act, the Unfair

---

[1] Defendant, Penn Credit Corporation filed an Answer . . . [ECF No. 25] in response to Plaintiff's Amended Complaint [ECF No. 20].  Any mention of "Defendant" in this Order, unless specified otherwise, refers to Defendant, Vanguard Parking Solutions only.

Debt Collection Practices Act, and the Drivers Privacy Protection Act; and she includes one state common-law claim.[2] (*See id.* ¶¶ 157–182, 214–243).

Defendant filed its Motion to Dismiss [the] Amended Complaint [ECF No. 26] on December 9, 2024. In the Motion to Dismiss, Defendant argues that the Amended Complaint fails to plead, among other things, that Defendant was a "debt collector" under the Florida Consumer Collection Practices Act and the Unfair Debt Collection Practices Act; Defendant also contends its use of Plaintiff's license plate was "permissible" under the Drivers Privacy Protection Act. (*Id.* 7, 11).[3] Defendant filed the present Motion to Stay four days after filing the Motion to Dismiss.

Now, the law. "A district court 'has broad discretion to stay proceedings as an incident to its power to control its own docket.'" *Cuhaci v. Kouri Grp., LP*, No. 20-cv-23950, 2021 WL 1945819, at *2 (S.D. Fla. May 14, 2021) (quoting *Clinton v. Jones*, 520 U.S. 681, 706 (1997)). But "[t]his discretion is not unfettered," and "[d]istrict courts must take an active role in managing cases on their docket." *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1366–67 (11th Cir. 1997) (alterations added; citations omitted). Managing discovery involves balancing important and sometimes dueling goals. On the one hand, "a defendant should not be forced to expend substantial resources answering discovery when the plaintiff's claims clearly lack merit[.]" *Ray v. Spirit Airlines, Inc.*, No. 12-61528-Civ, 2012 WL 5471793, at *1 (S.D. Fla. Nov. 9, 2012) (alteration added; citations omitted). On the other hand, "the delay and prolongation of discovery can also create case management and scheduling problems and unfairly hold up the prosecution of the case." *Id.* (citations omitted).

---

[2] Plaintiff purports to represent a class in her Drivers Privacy Protection Act and state common-law claims. (*See* Am. Compl. ¶¶ 145–48).

[3] The Court uses the pagination generated by the electronic CM/ECF database, which appears in the headers of all court filings.

CASE NO. 24-24089-CIV-ALTONAGA/Reid

Defendant argues it "should not have to incur significant litigation expenses before the Court decides whether Plaintiff has brought a valid cause of action in the first place." (Mot. 2). Yet Defendant fails to acknowledge that "motions to stay discovery pending ruling on a dispositive motion are generally disfavored in this district." *Cuhaci*, 2021 WL 1945819, at *2 (alteration adopted; citations omitted); *see also, e.g.*, *Krukever v. TD Ameritrade, Inc.*, No. 18-21399-Civ-Altonaga, 2018 WL 2382008, at *1 (S.D. Fla. May 23, 2018); *TGE Fam. Holdings, LLC v. Xytel, Inc.*, No. 20-22382-Civ-Altonaga, Order on Motion for Stay of Discovery [ECF No. 43] (S.D. Fla. Sept. 21, 2020) 2 ("Quite simply, the Court is not persuaded this is the type of case in which discovery should be stayed while the parties await the Court's ruling on Defendant's Motion to Dismiss."); *MSP Recovery Claims, Series LLC v. Amerisure Ins. Co.*, No. 17-23961-Civ-Altonaga, Order on Motion to Stay Discovery and Bifurcate Class Action Proceedings [ECF No. 111] (S.D. Fla. March 8, 2021) 2 ("Having reviewed [the] [d]efendants' [m]otion and performed a 'preliminary peek' at the arguments raised in [the motion], the Court cannot say dismissal of the claims against Defendants is a foregone conclusion." (alterations added)).

This skepticism regarding discovery stays is well-founded. Courts must construe the Federal Rules of Civil Procedure "to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. The rules governing discovery are no exception. "[W]hen discovery is delayed or prolonged it can create case management problems which impede the Court's responsibility to expedite discovery and cause unnecessary litigation expenses and problems." *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997) (alteration added; citations omitted). These problems include "duplicat[ion] of costs because counsel must reacquaint themselves with the case once the stay is lifted[,]" leaving "[m]atters of importance . . . mislaid or avenues unexplored[,]" and the "management problem[s]" that inevitably arise when the case

3

"leaves the normal trial track." *Kron Med. Corp. v. Groth*, 119 F.R.D. 636, 637 (M.D.N.C. 1988) (alterations added). For these reasons, federal law places a thumb on the scale against discovery stays while also permitting departure from that general rule when the circumstances warrant — and when the proponent of the stay sets forth sufficient justification for delay.

Defendants bear a tall burden in seeking discovery stays. A motion to stay discovery is the functional equivalent of a motion for a protective order prohibiting or limiting discovery. *See* Fed. R. Civ. P. 26(c); *see also Jones v. Fiorella Ins. Agency, Inc.*, No. 20-14105-Civ, 2020 WL 7485193, at *2 (S.D. Fla. Nov. 30, 2020). Thus, a defendant who requests a blanket stay of discovery must do more than simply point to the pendency of a dispositive motion: it must also make a "specific showing of prejudice or burdensomeness[.]" *Cuhaci*, 2021 WL 1945819, at *2 (alteration added; citation and quotation marks omitted). The party seeking a stay "bears the burden of showing good cause and reasonableness." *McCabe v. Foley*, 233 F.R.D. 683, 685 (M.D. Fla. 2006) (citation omitted). To determine whether a movant satisfies that burden, courts must "'take a preliminary peek' at the merits of the motion to dismiss to see if it appears to be clearly meritorious and truly case dispositive." *Feldman*, 176 F.R.D. at 652–53.

These principles dictate denial of the Motion to Stay for four reasons. First, despite Defendant's assertion that "Plaintiff's complaint lacks merit[,]" the Court cannot say at this time that the Motion to Dismiss is a sure winner. (Mot. 2 (alteration added)). While the Court acknowledges Defendants face different claims and are in different positions, it is worth noting that Defendant, Penn Credit Corporation opted to file an answer to the Amended Complaint (*see generally* Answer); this gives the Court pause over Defendant's assertion that it is "abundantly clear" the Amended Complaint is meritless (Mot. 3). Further, the Amended Complaint contains 243 numbered paragraphs of factual allegations and brings 5 claims against Vanguard Parking

Solutions. (*See generally* Am. Compl.). While Defendant argues that Plaintiff does not adequately allege any statutory or common-law claim (*see generally* Mot. to Dismiss), the Court is unable to fairly assess Defendant's arguments, as Plaintiff has not yet filed a response.

Even once the Motion is fully briefed, ruling on the Motion to Dismiss may entail resolving numerous questions of law, as the Court is tasked with interpreting how several statutory causes of action intertwine with Plaintiff's many factual allegations. The Court does not "'perceive an immediate and clear possibility' that the motion will be granted and this action entirely terminated." *Seequip, Inc. v. All Am. Grinding Equipment, LLC*, No. 05-cv-259, 2006 WL 8445231, at *2 (N.D. Fla. Jan. 5, 2006) (citation omitted).

Second, Defendant has not made any particularized showing that it will be unfairly burdened without a stay. Rather than pointing to a *specific* burden that Defendant will face absent a stay, the Motion to Stay simply states that Defendant "will be forced to spend a significant amount of time, money, and resources, in discovery[.]" (Mot. 2 (alteration added)). This halfhearted assertion fails to satisfy Defendant's burden.

Defendant's belief that discovery presents a significant monetary burden is also speculative at this stage; discovery has hardly commenced with the case being opened less than two months ago. *See Gannon v. Flood*, No. 08-60059-Civ, 2008 WL 793682, at *1 (S.D. Fla. Mar. 24, 2008) (rejecting the defendant's argument that a stay would be expensive because the complaint had been filed only seven months prior and thus "expensive discovery ha[d] not yet proceeded" (alteration added)); (*see generally* Compl. [ECF No. 1]).

Third, the parties are due to complete their briefing of the Motion to Dismiss by December 30, 2024, *see* Local Rule 7.1(c), and the Court has no plans to delay resolution of the Motion. If the Motion to Dismiss is denied, the case will remain on track. If the Motion to Dismiss is granted,

it will likely be granted with leave to amend.  Furthermore, discovery "will not have proceeded very far by the time the Court issues a ruling[,]" thus minimizing any costs that Defendant will have incurred in the meantime.  *Gannon*, 2008 WL 793682, at *1 (alteration added).  Defendant's concern that discovery will cost "tens of thousands of dollars" will be addressed either way.  (Mot. 2).

Fourth, Defendant remains free to seek relief from overbroad discovery through means short of a total stay.  Defendant may raise appropriate objections to unduly burdensome discovery requests.  *See Ray*, 2012 WL 5471793, at *4.  Defendant may also seek a targeted protective order if the circumstances merit such relief.  *See id.*; *see also* Fed. R. Civ. P. 26(c).  This more calibrated system of discovery can certainly protect Defendant from incurring unjustified expense.

Accordingly, it is

**ORDERED AND ADJUDGED** that Defendant, Vanguard Parking Solutions Inc.'s Motion to Stay Discovery Pending Disposition of its Motion to Dismiss First Amended Complaint **[ECF No. 27]** is **DENIED**.

**DONE AND ORDERED** in Miami, Florida, this 14th day of December, 2024.

_____
**CECILIA M. ALTONAGA**
**CHIEF UNITED STATES DISTRICT JUDGE**

cc: counsel of record