UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:24-cv-24089-CMA

ELIZABETH SANTIAGO-DURAN,
    *Plaintiff*,
v.
VANGUARD PARKING SOLUTIONS INC., *et al.*,
    *Defendants*.
_____/

## DEFENDANT VANGUARD'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR EXTENSION OF DEADLINE TO AMEND COMPLAINT TO ADD PROPERTY OWNER AS A DEFENDANT

Defendant VANGUARD PARKING SOLUTIONS INC. ("Defendant" or "Vanguard") hereby files its response in opposition to Plaintiff's motion to amend the deadlines to amend pleadings until January 31, 2025 [ECF 39], as follows:

### BACKGROUND

On October 22, 2024, Plaintiff filed her complaint against multiple defendants, including John Doe, the owner of the Property [ECF 1].

On October 29, 2024, this Court dismissed John Doe, finding that such a pleading is improper in Federal Court, and stated:

> should Plaintiff discover the identity of John Doe or additional information that would allow for service of process on John Doe, she may seek leave to amend the Complaint before the deadline for amending pleadings has passed

[ECF 4].

Thereafter, on November 26, 2024, this Court entered a trial scheduling order, with a deadline to add parties by January 6, 2025. [ECF 24].

On the due date, Plaintiff filed a motion to extend that deadline, without providing good cause on why such an extension should be granted.

**MEMORANDUM**

Trial scheduling orders can only be modified "on a showing of good cause." *Esys Latin Am., Inc. v. Intel Corp.*, 290 F.R.D. 563, 564 (S.D. Fla. 2013). "[W]hen a party seeks to amend a pleading 'after the scheduling order's deadline,' as is the case here, Plaintiff 'must first demonstrate good cause under Rule 16(b) before the Court will consider whether amendment is proper under Rule 15(a)." *Great Lakes Ins. SE v. Sea 21-21 LLC*, No. 20-22865-CIV, 2021 WL 8875537, at *1 (S.D. Fla. June 22, 2021). "good cause … cannot arise from mere speculation." *Arthur v. Allen*, 459 F.3d 1310, 1311 (11th Cir. 2006).

In its motion, Plaintiff outlines the complexities it went through to identify the identity of the property owner, [ECF 39, ¶ 1-7]. All of this information was available to Plaintiff for the last two and half months, yet Plaintiff fails to provide any sufficient reason as to why anything will change on January 31, 2025.

Furthermore, Plaintiff identifies at the end of its analysis that it identified the owner of the Property as Mutiny on the Park, Ltd. [ECF 39, ¶ 7]. Plaintiff does not provide a single valid reason why it did not timely replace John Doe with Mutiny on the Park, Ltd. The only given reason is that "Developer was dissolved by the State of Florida for failure to file its annual report." That is not a valid reason not to sue. *See Ron's Quality Towing, Inc. v. Se. Bank of Florida*, 765 So. 2d 134, 135 (Fla. 1st DCA 2000)("An administratively dissolved corporation is not … precluded from .. defending an action")(citing § 607.1405(2)(e), Fla. Stat.).

Plaintiff attempts to deflect responsibility, by pointing fingers at Vanguard, based on a "presum[ption]," that it "is a counter party to a contract with the owner." That presumption is based on arguments made by Vanguard in its motion to dismiss that "Vanguard is like a property manager that collects parking fees not as a debt collector, but as a manager of the parking

garage." [ECF 39, ¶ 10].

However, Plaintiff's entire presumption is based on a false premise that a motion to dismiss is based on facts asserted by Vanguard, to the contrary, a motion to dismiss is "limited to the four corners of the complaint, the facts stated in the complaint and all reasonable inferences therefrom are taken as true." *Ventrassist Pty Ltd. v. Heartware, Inc.*, 377 F. Supp. 2d 1278, 1285 (S.D. Fla. 2005). Instead, Plaintiff is making the classic straw man argument. *See Mintz v. State*, 349 So. 3d 531, 532 n.2 (Fla. 3d DCA 2022)("A straw man argument is the logical fallacy of distorting an opposing position into an extreme version of itself.") Plaintiff makes an accusation that Vanguard has a contract with John Doe, and then runs with that path of logical fallacy by arguing that since Vanguard moved to dismiss based on that allegation, it somehow affirmed that such a contract exists. That is not the type of good cause required to seek amending a scheduling order.

Plaintiff's "presumptions" do not end with the existence of a contract, but it seems that its entire position of liability against the property owner is based on a theory of vicarious liability. [ECF 39 ¶ 15]. "Under traditional principles of vicarious liability, to hold an employer vicariously liable for the acts of its employees, the acts must have been taken within the employee's scope of employment." *Santarlas v. Minner*, No. 5:15-CV-103-OC-30PRL, 2015 WL 3852981, at *4 (M.D. Fla. June 22, 2015). In other words, to make an allegation against John Doe, not only does Plaintiff have to establish that a contract exists, but also that Vanguard is an employee or agent of John Doe, and that all those alleged violations that occurred were within the scope of the employment or agency of Vanguard. This hurdle is not the type of good cause required to seek amending a scheduling order.

Discovery "is *not* a vehicle for a 'fishing expedition' in hopes that discovery will sustain," potential claims. *Herederos de Roberto Gomez Cabrera, LLC v. Teck Res. Ltd.*, No. 20-21630-CIV, 2021 WL 3054908, at *3 (S.D. Fla. July 20, 2021). Plaintiff does not provide any basis for any of its allegations, instead, it "essentially s[eeks] permission to conduct 'a fishing expedition' on the mere hope of finding relevant evidence." *Salvato v. Miley*, No. 5:12-CV-635-OC-10PRL, 2013 WL 2712206, at *2 (M.D. Fla. June 11, 2013). This Court should not allow that.

Furthermore, neither Vanguard nor its counsel ever made any representation that it knows the identity of the property owner. To the contrary, Plaintiff acknowledges that during its conferral with counsel, counsel for Defendant Vanguard advised that "[Vanguard] disclosed all the persons that [it] know[s] of without any objections." [ECF 39 ¶ 12]. In other words, Plaintiff was clearly advised that Vanguard does not have the identity of John Doe. Yet, Plaintiff continues to blame and point the finger on Vanguard, and its counsel, for failing to reveal the identity of the property owner.

In sum, Plaintiff has not provided any good reason why it hasn't sued John Doe that Plaintiff admittedly, in their underlying motion, already identified. Plaintiff has not provided any good reason why extending the deadline to amend the complaint until January 31, 2025 will produce different results. Its entire motion is based on straw man arguments, and "mere speculation," which are not valid as "good cause." *Arthur* 459 F.3d at 1311.

Lastly, Plaintiff failed to properly meet and confer prior to filing its motion. Its entire conferral consists of the following email sent on Friday afternoon, January 3, 2025:

> *We intend to file a motion seeking an extension of the deadline by which Plaintiff must move for leave to amend the complaint to add the property owner as a party defendant up through and including January 31, 2025. Please let us know*

> *whether Vanguard intends to oppose this relief. Thank you.*

Plaintiff did not have any follow-up phone calls, nor did Plaintiff provide any basis for why it seeks this extension, nor any basis for good cause. The purpose of L.R. 7.1(a)(3) is "to force the parties to engage in the meaningful exchange of information and viewpoints." *Sound Around, Inc. v. O'Donnell*, No. 22-23395-CIV, 2023 WL 4234825, at *2 (S.D. Fla. June 28, 2023). This one liner is a far cry from a meaningful exchange of information, and for that reason alone Plaintiff's motion should be denied. "[T]he Eleventh Circuit has affirmed that failure to comply with Local Rule conferral requirements is an independently sufficient basis to deny a motion." *Burleigh House Condo., Inc. v. Rockhill Ins.* Co., 21-22911-CIV, 2022 WL 17082909, at *6 (S.D. Fla. Nov. 18, 2022) (citing *J.B. Hunt Transp., Inc. v. S & D Transp., Inc.*, 589 F. App'x 930, 933 (11th Cir. 2014)).

## CONCLUSION

WHEREFORE, Vanguard respectfully requests this Court deny Plaintiff's motion.

Dated: January 8, 2025

Respectfully submitted,

By: /s/ Shlomo Y Hecht
Florida State Bar No.: 127144
Email: sam@KnightLawFL.com

By: /s/ Jeremy I. Knight
Florida State Bar No.: 1009132
Email: Yirmi@KnightLawFL.com

Knight Law, P.A.
4624 Hollywood Blvd, Ste 203
Hollywood, FL 33021
Telephone: 786.480.0045

*Attorneys for VANGUARD PARKING SOLUTIONS INC.*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 8th day of January 2025, a true and correct copy was electronically filed and served via the Court's CM/ECF system.

/s/ Shlomo Y. Hecht
Shlomo Y. Hecht