UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-24089-CIV-ALTONAGA/Reid

ELIZABETH SANTIAGO-DURAN,

      Plaintiff,

v.

VANGUARD PARKING
SOLUTIONS, INC.; *et al.*,

      Defendants.

_____/

**ORDER**

      **THIS CAUSE** came before the Court on Defendant, Vanguard Parking Solutions, Inc.'s

Motion to Dismiss First Amended Complaint [ECF No. 26], filed on December 9, 2024.[1]  Plaintiff,

Elizabeth Santiago-Duran, filed a Response [ECF No. 34]; to which Defendant filed a Reply [ECF

No. 35].  The Court has carefully considered the parties' written submissions, the record, and

applicable law.

**I.  BACKGROUND**

      This case centers around a fee dispute regarding parking at a private garage located in

Miami, Florida.  (*See generally* Am. Compl. [ECF No. 20]).  Plaintiff — or at least, a vehicle

registered in her name — purportedly used the parking garage from 9:20 AM to 12:02 PM on June

23, 2024, and left the garage without paying.  (*See id*. ¶¶ 40, 70–72, 83).  Plaintiff contends

Defendant contracted with the parking garage owner "to perpetrate a scam to greatly overcharge

---

[1] Defendant, Penn Credit Corporation, and Plaintiff reached a settlement.  (*See* Joint Notice of Settlement between Pl. and Def. Penn Credit Corp. [ECF No. 36]).  "Defendant" in this Order refers to Defendant, Vanguard Parking Solutions, Inc., only.

the public for use of the [p]arking [g]arage and to collect, for [the garage owner], all such overcharges[.]" (*Id.* ¶ 9 (alterations added); *see also id.* ¶¶ 6–7).

Defendant enacted this scheme, Plaintiff claims, by intentionally hiding a phony parking agreement on a sign concealed from the public. (*See id.* ¶ 11). Defendant purposely made the agreement so inconvenient and difficult to read that customers cannot reasonably read the sign and assent to the agreement's terms, as the sign is composed of illegibly small text, is in a poorly lit area where pedestrians are forbidden access, and — should a customer try to read it while driving — he or she would "necessarily block[] traffic coming into" the garage. (*Id.* ¶ 19 (alteration added); *see also id.* ¶¶ 20–21).

The "agreement" purports to bind customers who exit the garage without paying, stating they are in breach and thereby consent to Defendant's use of their personal information to seek payment. (*See id.* ¶ 15). The agreement states customers waive their rights to a jury trial and to seek relief as a class; it also contains nondisclosure and mandatory arbitration provisions. (*See id.*).

Defendant, using a photo of Plaintiff's license plate, employed the license plate number to uncover her personal information with the Florida Department of Transportation. (*See id.* ¶¶ 54, 64, 82). Defendant sent three letters to Plaintiff demanding payment for her use of the garage: one letter, dated June 24, 2024 stated Plaintiff owed $67.78; two letters also dated June 24, 2024 stated Plaintiff owed $104.59. (*See id.* ¶¶ 69–80). Plaintiff sent Defendant payment in the amount of $104.59 on August 19, 2024. (*See id.* ¶ 112). Plaintiff now alleges that Defendant "deceived" and "wrongfully misle[]d" her into paying an illegitimate invoice. (*Id.* (alteration added)). Plaintiff asserts she never consented to a paid parking arrangement, much less to allow Defendant to submit

a request for her personal information to the Florida Department of Transportation using her license plate details. (*See id.* ¶¶ 10–20, 81–83).

Plaintiff brings five claims against Defendant: a claim for violation of the Florida Consumer Collection Practices Act ("FCCPA"), Section 559.72(9), Florida Statutes (*see id.* ¶¶ 157–65); two claims for violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. sections 1692e, 1692g (*see id.* ¶¶ 166–82); a purported class action claim for violation of the Drivers Privacy Protection Act ("DPPA"), 18 U.S.C. section 2721 (*see id.* ¶¶ 214–35); and a purported class action claim for money had and received under Florida common law, also known as an unjust enrichment claim (*see id.* ¶¶ 236–43).[2]

Defendant moves to dismiss all claims. (*See generally* Mot.; Reply). Defendant argues: (1) Plaintiff fails to state claims under the FCCPA and FDCPA, as she does not allege Defendant is a debt collector within the meaning of the statutes (*see* Mot. 7–10); (2) Plaintiff's DPPA claim fails because Defendant's use of Plaintiff's personal information was authorized or otherwise permissible (*see id.* 10–13); and (3) Plaintiff's unjust enrichment claim must be dismissed because Plaintiff authorized Defendant to send her a request for payment, and she fulfilled the request voluntarily (*see id.* 13–14).

## II. LEGAL STANDARD

"To survive a motion to dismiss [under Federal Rule of Civil Procedure 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (alteration added; quoting *Bell*

---

[2] As unjust enrichment and money had and received are largely "'different names for the same remedy[,]'" the Court refers to Plaintiff's state common law claim as unjust enrichment. *Francois v. Hatami*, 565 F. Supp. 3d 1259, 1270 (S.D. Fla. 2021) (alteration added; quoting *Stock Fraud Prevention, Inc. v. Stock News Info, LLC*, No. 11-80764-Civ, 2012 WL 664381, at *10 (S.D. Fla. Feb. 28, 2012)).

*Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  Although this pleading standard "does not require 'detailed factual allegations,' . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Id.* (alteration added; quoting *Twombly*, 550 U.S. at 555).  Pleadings must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]"  *Twombly*, 550 U.S. at 555 (alteration added; citation omitted).  "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss."  *Iqbal*, 556 U.S. at 679 (alteration added; citing *Twombly*, 550 U.S. at 556).

To meet this "plausibility standard," a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* at 678 (alteration added; citing *Twombly*, 550 U.S. at 556).  "The mere possibility the defendant acted unlawfully is insufficient to survive a motion to dismiss."  *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1261 (11th Cir. 2009) (citing *Iqbal*, 556 U.S. at 678), *abrogated on other grounds by Mohamad v. Palestinian Auth.*, 566 U.S. 449 (2012).  When considering a motion to dismiss, a court must construe the complaint in the light most favorable to the plaintiff and take the factual allegations as true.  *See Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997) (citing *SEC v. ESM Grp., Inc.*, 835 F.2d 270, 272 (11th Cir. 1988)).

### III.  DISCUSSION

Defendant states that Plaintiff fails to allege Defendant is a debt collector under the FCCPA and FDCPA.  (*See* Mot. 7–10).  Defendant then contends Plaintiff's privacy claim under the DPPA fails because she consented to Defendant's use of her personal information and, even if she did not, the use was authorized by Florida statute.  (*See id.* 10–13).  Finally, Defendant argues that Plaintiff does not state an unjust enrichment claim because she voluntarily paid Defendant and

assented to the parking agreement by using the garage. (*See id.* 13–14). The Court addresses each argument in turn.

### A. Debt Collector

Defendant argues Plaintiff does not properly allege Defendant was a debt collector as defined by Section 559.55(7), Florida Statutes, and 15 U.S.C. section 1692a(6). (*See id.* 7–10). Neither argument persuades.

***FDCPA.*** The Court first turns to Plaintiff's FDCPA claims.[3] To state a FDCPA claim, a plaintiff must allege: "(1) the plaintiff has been the object of collection activity arising from consumer debt, (2) the defendant is a debt collector as defined by the FDCPA, and (3) the defendant has engaged in an act or omission prohibited by the FDCPA." *Bohringer v. Bayview Loan Servicing, LLC*, 141 F. Supp. 3d 1229, 1235 (S.D. Fla. 2015) (citation and quotation marks omitted). Defendant challenges the sufficiency of the allegations regarding the second element, arguing that Plaintiff fails to plead Defendant is a debt collector. (*See* Mot. 7–10).

The FDCPA defines "debt collectors" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). Defendant contends Plaintiff fails to allege Defendant's "principal purpose" is to collect debts owed to another. (*See* Mot. 7–8). Defendant concedes that Plaintiff alleges Defendant is a debt collector but insists the exhibits attached to the Amended Complaint contradict this allegation. (*See id.*; *see also* Am. Compl., Ex.

---

[3] Plaintiff brings two FDCPA claims against Defendant, both relating to its status as a debt collector: the first charges Defendant with concealing its identity as a debt collector (*see* Am. Compl. ¶¶ 166–73 (citing 15 U.S.C. § 1692e(11))); the second alleges that Defendant, as a debt collector, failed to provide required debt notices and engaged in misleading practices (*see id.* ¶¶ 174–82 (citing 15 U.S.C. §§ 1692e, 1692g)).

A, City of Miami Parking Surcharge Reguls. [ECF No. 20-1]; *id.*, Exs. B–D, Parking Payment

Notices [ECF Nos. 20-2–4]; *id.*, Ex. E, Receipt of Pl.'s Payment to Def. [ECF No. 20-5]).

But Plaintiff does not just make a blanket, conclusory allegation that Defendant is a debt

collector.  Rather, Plaintiff alleges: Defendant "collects or purports to collect the debts owed or

allegedly owed to [the garage owner] by consumers for the consumers' alleged use of the [p]arking

[g]arage" (Am. Compl. ¶ 63 (alterations added)); "uses the telephone and mail in a business the

principal purpose of which is the collection of any debts and/or [Defendant] regularly collects or

attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another"

(*id.* ¶¶ 167, 175 (alteration added; emphasis omitted)); and "regularly collects or attempts to collect

debts owed or asserted to be owed to" the garage owner (*id.* ¶¶ 168, 176).  Further, the Parking

Payment Notices state "this notice is privately issued by [Defendant] on behalf of the owner" of

the garage.  (*E.g.*, Parking Payments Notices 1 (alteration added)).  The exhibits thus support

Plaintiff's allegations — at the very least, nothing in the Amended Complaint's exhibits clearly

contradicts these allegations.[4]

Next, Defendant argues that it is subject to certain exemptions to the statutory definition of

debt collector.  It is true that "not all who collect debts are 'debt collectors' for the purposes of the

[FDCPA]." *Harris v. Liberty Cmty. Mgmt., Inc.*, 702 F.3d 1298, 1302 (11th Cir. 2012) (alteration

added).  Certainly, "[t]here are exemptions for those who collect debts in limited situations,

including government employees acting in their official capacity, certain non-profit credit

---

[4] Even assuming Defendant's position that the exhibits contradict Plaintiff's allegations is correct, its argument still fails.  "When a complaint contains specific, well-pleaded allegations . . . that contradict conclusory statements in the exhibit, [a court will] credit the allegations in the complaint." *Gill ex rel. K.C.R. v. Judd*, 941 F.3d 504, 514 (11th Cir. 2019) (alterations added).

counseling services, and officers and employees of creditors." *Id.* (alteration added; citing 15 U.S.C. §§ 1692a(6)(A)–(F)).

According to Defendant, two such exemptions apply here: first, that its attempts to collect a debt from Plaintiff were "incidental to a bona fide fiduciary obligation[,]" 15 U.S.C. § 1692a(6)(F)(i) (alteration added); and, second, that any "debt . . . was not in default at the time it was obtained" by Defendant, 15 U.S.C. § 1692a(6)(F)(iii). (*See* Mot. 8–10).  Neither argument persuades.

Defendant states that it is the manager of the parking garage and collects fees in that role, not as a debt collector. (*See id.* 9 (citing *Reynolds v. Gables Residential Servs., Inc.*, 428 F. Supp. 2d 1260, 1264 (M.D. Fla. 2006))).  It is unclear what, exactly, is the relationship between Defendant and the garage owner.  Plaintiff alleges Defendant "is a debt collector hired by [the garage owner] to collect consumer debts."  (Am. Compl. ¶ 66 (alteration added)).  Defendant insists that it is a property manager, and collecting fees is part of its fiduciary duty to the garage owner. (*See* Mot. 9–10).  What Defendant's role is presents a question of fact inappropriate for resolution on a motion to dismiss.  *See, e.g.*, *Pearson v. Deutsche Bank AG*, No. 21-cv-22437, 2022 WL 951316, at *11 (S.D. Fla. Mar. 30, 2022) (noting "that unless the relationship is formed through an express agreement, whether a fiduciary relationship exists is necessarily fact-specific to a particular case").

Defendant next argues the debt was not in default when it was obtained by Defendant, so the restrictions of the FDCPA do not apply.  (*See* Mot. 9–10).  The FDCPA itself does not define default, but "courts have repeatedly distinguished, at least as a general matter, between a debt that is in default and a debt that is merely outstanding, the typical understanding being that only after some period of time does an outstanding debt go into default." *Bohringer*, 141 F. Supp. 3d at 1237

(quoting *Alibrandi v. Fin. Outsourcing Servs., Inc.*, 333 F.3d 82, 86–87 (2d Cir. 2003); quotation marks omitted). "The determination of whether a debt is in default or, by contrast, merely outstanding or delinquent, is to be made by a court on a case-by-case basis, and applicable contractual or regulatory language defining the point of default may be instructive." *Id.* (citation and quotation marks omitted; alterations adopted); *see also Ward v. NPAS, Inc.*, 63 F.4th 576, 583 (6th Cir. 2023) (collecting cases).

Plaintiff alleges that she was in default as soon as she left the parking garage without paying, because that is when she purportedly breached the unseen parking agreement. (*See* Am. Compl. ¶¶ 59–61). Further, Plaintiff includes allegations that support an inference that Defendant *treated* the debt as if it were in default. *See Bohringer*, 141 F. Supp. 3d at 1240. Plaintiff states she was charged $104.59, while comparable parking spots would have cost between $12 and $50. (*See* Am. Compl. ¶¶ 40–44). Plaintiff's allegations "paint a murky picture that, when construed in the light most favorable to [her], plausibly gives rise to the inference [Defendant] treated the loan as in default[.]" *Bohringer*, 141 F. Supp. 3d at 1240 (alterations added). Thus, Plaintiff's FDCPA claims cannot be dismissed on the basis that Defendant qualifies for an exemption. *See id.*

***FCCPA.*** The Court quickly disposes of Defendant's argument that Plaintiff fails to allege Defendant is a debt collector under the FCCPA. This argument is squarely foreclosed by binding Eleventh Circuit precedent. "Although the FCCPA is modeled after the FDCPA, the two statutes are not identical in all respects. Unlike the FDCPA, the FCCPA's proscriptions are 'not limited to debt collectors.'" *Agrelo v. Affinity Mgmt. Servs., LLC*, 841 F.3d 944, 952–53 (11th Cir. 2016) (quoting *Schauer v. Gen. Motors Acceptance Corp.*, 819 So. 2d 809, 812 n.1 (Fla. 4th DCA 2002)). "The Eleventh Circuit's decision in *Agrelo* is controlling: the FCCPA's proscriptions apply to any

'person,' even those that are not 'debt collectors' under the statute." *Alvarez v. LoanCare LLC*, No. 20-21837-Civ, 2020 WL 5514410, at *3 (S.D. Fla. Aug. 28, 2020) (citations omitted).

**B. DPPA**

"The DPPA 'regulates the disclosure of personal information contained in the records of state motor vehicle departments[.]'" *Thomas v. George, Hartz, Lundeen, Fulmer, Johnstone, King, and Stevens, P.A.*, 525 F.3d 1107, 1109 (11th Cir. 2008) (alteration added; quoting *Reno v. Condon*, 528 U.S. 141, 143 (2000)). The relevant statutory "section provides a private cause of action against persons who knowingly obtain, disclose, or use personal information from a motor vehicle record[.]" *Id.* (alteration added; citing 18 U.S.C. § 2724(a)).

As a threshold matter, Defendant argues Plaintiff waived her right to bring a DPPA claim twice: first when she parked in the garage and agreed to the parking agreement, and again when she voluntarily paid Defendant and agreed to its payment portal terms. (*See* Mot. 10–11). Even setting aside that (1) Plaintiff alleges she did not see the agreement and could not have agreed to it, and (2) Plaintiff alleges nothing about any agreement in making an online payment, Defendant's argument still fails.

"[W]aiver is an affirmative defense; the party asserting that another party has waived a right has the burden of proof." *Air Prods. & Chems., Inc. v. La. Land & Expl. Co.*, 867 F.2d 1376, 1379 (11th Cir. 1989) (alteration added; citations omitted). "Generally, the existence of an affirmative defense will not support a motion to dismiss." *Hunt v. Aimco Props., L.P.*, 814 F.3d 1213, 1225 n.8 (11th Cir. 2016) (citation and quotation marks omitted). "In some cases, however, a complaint may be dismissed if an affirmative defense appears on the face of the complaint." *Id.* (citation and quotation marks omitted; alterations adopted). "This is not such a case." *Id.*

Unfortunately for Defendant, nothing supporting waiver appears on the face of the Amended Complaint.

The Court turns to Defendant's remaining arguments. As Defendant notes (*see* Mot. 11–13), "not all obtainment, disclosure, or use of personal information from motor vehicle records is wrongful." *Thomas*, 525 F.3d at 1109. The DPPA outlines 14 permissible uses in section 2721(b), including "use specifically authorized under the law of the State that holds the record, if such use is related to the operation of a motor vehicle or public safety" and "investigation in anticipation of litigation[.]" 18 U.S.C. §§ 2721(b)(4), (14) (alteration added). Defendant contends its use of Plaintiff's information falls into one or both exempted categories. (*See* Mot. 10–13).

Defendant is asking the Court to undertake a substantive analysis of Plaintiff's claims — a task inappropriate at this early stage. Plaintiff asserts that Defendant's use of her personal information "is not one that is permissible under the DPPA[.]" (Am. Compl. ¶ 88 (alteration added); *see also id.* ¶¶ 96–97, 161–62, 221–23). Plaintiff supports this allegation with explanations of the exemptions and specifically disclaims the exemptions apply to Defendant's use of her information. (*See id.* ¶¶ 82–97, 161–62). These allegations are sufficient.[5]

## C. Unjust Enrichment

Finally, Defendant argues Plaintiff's unjust enrichment claim should be dismissed for two reasons. First, according to Defendant, the parking agreement served as an express contract and authorized Defendant to send Plaintiff a request for payment for her use of the garage. (*See* Mot. 13–14); *see also Hatami*, 565 F. Supp. 3d at 1270 (stating "the existence of an express contract

---

[5] Defendant's main case in support of its arguments, *City of Tallahassee v. Federated Publications, Inc.*, No. 11-cv-395, 2012 WL 5407280 (N.D. Fla. Aug. 9, 2012), is a summary judgment case and thus unpersuasive here. *Cf. McKenzie v. U.S. Tennis Ass'n Inc.*, No. 22-cv-615, 2023 WL 3058036, at *4 n.10 (M.D. Fla. Apr. 24, 2023) (stating the defendants' reliance on a "procedurally inapposite" case was "unpersuasive" as the case was not "being scrutinized according to [the] far less demanding plausibility standard" (alteration added)).

CASE NO. 24-24089-CIV-ALTONAGA/Reid

precludes recovery under unjust enrichment" (citation omitted)).  Second, Defendant asserts that Plaintiff cannot state an unjust enrichment claim for her "voluntary payment" of the parking fee. (Mot. 14 (quotation marks and citation omitted)).  Plaintiff insists that she does not allege the existence of an express contract, and Defendant's voluntary payment theory is an affirmative defense that cannot be resolved on a motion to dismiss.  (*See* Resp. 18–19).  Plaintiff is correct.

To state an unjust enrichment claim, "a plaintiff must allege that (1) the plaintiff conferred a benefit on the defendant, (2) the defendant voluntarily accepted and retained that benefit, and (3) 'the circumstances are such that it would be inequitable for the defendant to retain the benefit without paying the value thereof to the plaintiff.'"  *Hatami*, 565 F. Supp. 3d at 1269–1270 (quoting *James D. Hinson Elec. Contracting Co., Inc. v. BellSouth Telecommc'ns., Inc.*, 275 F.R.D. 638, 646 (M.D. Fla. 2011)).

Defendant's argument that the parking agreement serves as an express contract is unconvincing.  Plaintiff alleges she could not have consented to the parking agreement due to various issues preventing her from reading the sign that displays the agreement.  (*See* Am. Compl. ¶¶ 16–21).  The Amended Complaint does not assert the existence of an express contract, as Plaintiff maintains she never assented to the parking agreement's terms.  (*See id.*).  While Defendant disagrees this was the case, Plaintiff's allegations are accepted as true, and Defendant cannot inject "new facts" with its Motion to Dismiss.  *Mears v. Mason*, No. 16-81983-Civ, 2017 WL 1327882, at *3 (S.D. Fla. Apr. 10, 2017) (quotation marks omitted; quoting *Battlefield Builders, Inc. v. Swango*, 743 F.2d 1060, 1063 (4th Cir. 1984)).

Plaintiff is also correct that determining whether her payment of the parking debt was voluntary is premature.  (*See* Resp. 18–19).  The voluntary payment doctrine is an affirmative defense which bars recovery for money paid "with full knowledge of the material facts" of a

11

CASE NO. 24-24089-CIV-ALTONAGA/Reid

transaction.  *Schojan v. Papa John's Int'l Inc.*, 34 F. Supp. 3d 1206, 1210 (M.D. Fla. 2014) (citation omitted).  Whether Plaintiff paid her parking debt "with full knowledge of the material facts" cannot be determined because this "is a question of fact that the Court cannot reconcile on a motion to dismiss."  *Id.* at 1210–11 (citations omitted); *see also Rothstein v. DaimlerChrysler Corp.*, No. 05–cv-1126, 2005 WL 3093573, at *3 n.1 (M.D. Fla. Nov. 18, 2005) (noting that the voluntary payment doctrine is not properly considered on a motion to dismiss).

### IV.  CONCLUSION

For the foregoing reasons, it is

**ORDERED  AND  ADJUDGED** that Defendant, Vanguard Parking Solutions, Inc.'s Motion to Dismiss First Amended Complaint **[ECF No. 26]** is **DENIED**.

**DONE AND ORDERED** in Miami, Florida, this 12th day of January, 2025.

_____
**CECILIA M. ALTONAGA**
**CHIEF UNITED STATES DISTRICT JUDGE**

cc:      counsel of record