**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No.: 24-cv-24089-ALTONAGA/Reid

ELIZABETH SANTIAGO-DURAN,

     Plaintiff,

     v.

VANGUARD PARKING SOLUTIONS
INC.; PENN CREDIT CORP.;
PARADISE PARKING SYS. LLC,

     Defendants.

_____/

**ORDER GRANTING DEFENDANT'S MOTION FOR RECONSIDERATION**
**OF ORDER GRANTING MOTION TO COMPEL DISCOVERY**

Defendant Vanguard Parking Solutions Inc. ("Vanguard") moves the Court for reconsideration of its previous discovery order. [ECF No. 59]. Having reviewed the Motion, Plaintiff Elizabeth Santiago-Duran's ("Plaintiff") Response [ECF No. 62], and following a February 3, 2025, hearing between the parties, it is **ORDERED and ADJUDGED** that Defendant's Motion for Reconsideration [ECF No. 59] is **GRANTED**. Additionally, Defendant Vanguard's objections to Plaintiff's discovery requests are determined as set forth in this Order.

## I.      BACKGROUND

Plaintiff filed a class-action lawsuit against Vanguard Paradise Parking Systems LLC and Penn Credit Corporation for violations of the Drivers Privacy Protection Act, 18 U.S.C. § 2721, the Florida Consumer Collection Practices Act, Section 559.72, Fla. Stat., the Fair Debt Collection Practices Act, 15 U.S.C. § 1692e(11), and common law unjust enrichment and negligence. *See generally* Second Am. Compl. [ECF No. 55 at 1]. Plaintiff accuses Defendants of "act[ing] in

concert to perpetrate a scam to greatly overcharge the public for use of [a] [p]arking [g]arage and to collect, and share among themselves, such overcharges . . . ." [*Id.* ¶ 12] (alterations added).

The Court heard arguments on January 15, 2025, concerning Defendant's Motion for Extension of Time to Respond to the Discovery and Plaintiff's Motion to Compel certain requests for production and interrogatories. *See* Notice of Hr'g [ECF No. 41]. The Court granted in part and denied in part the motions and ordered that: (i). any and all objections that Defendant may have had with respect to the Discovery have been waived; and (ii) on or before January 27, 2025, Defendant shall respond to the Discovery. [ECF No. 52 ¶ 2].

Vanguard now moves for reconsideration on the Court's finding that its objections to Plaintiff's discovery was waived. [ECF No. 59 at 4]. Vanguard believes the Order "patently misunderstood a party or has made a decision outside of the adversarial issues presented to the Court by the parties, or has made an error not of reasoning, but of apprehension." *See* [*id.* at 2] (quoting *Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp. 2d 1366, 1369 (S.D. Fla. 2002) (internal quotation marks omitted). Moreover, Vanguard argues it did not intentionally waive its right to object to discovery. To the contrary, Vanguard contends it has done everything permissible under the rules to seek an extension of time, and not waive any of its rights. [ECF No. 59 at 5].

**DISCUSSION**

On February 3, 2025, the Court held a hearing on the Motion for Reconsideration. [ECF No. 70]. Plaintiff and Defendant Vanguard disagree on whether Vanguard's email to Plaintiff sent just before the deadline to respond to discovery expired had solely requested an extension of time to respond to the discovery or had requested an extension of time to respond *and/or* object to the discovery. After reviewing the email chain included in Vanguard's motion [ECF No. 59-3], it seems the email could be interpreted to have requested time to both respond or object. Accordingly,

at the hearing, the Court granted Vanguard's request to reconsider its Order and heard Vanguard's objections to Plaintiff's Interrogatory No. 12, and Plaintiff's Request for Production of Documents Nos. 18, 21, 22, and 23.

Vanguard's objections to discovery are based primarily on scope and trade secret concerns. Vanguard contends Plaintiff is limited at this stage of the litigation to discovery related to certification of the class. A court's class certification analysis, however, may "entail some overlap with the merits of the plaintiff's underlying claim." *Amgen Inc. v. Connecticut Retirement Plans and Trust Funds*, 568 U.S. 455, 465-66 (2013). The court may permit discovery in class-action suits when it will help determine "how the class will prove causation and injury and whether those elements will be subject to class-wide proof." *See Griffith v. Landry's, Inc.*, No. 8:14-CV-3213-T-35JSS, 2015 WL 6468134, at *2 (M.D. Fla. Oct. 9, 2015) (internal citations omitted).

Upon review of the objections during the February 3, 2025, hearing, for the reasons stated on the record, the Undersigned **ORDERS**:

(i)    Vanguard's objection to Plaintiff's Interrogatory No. 12 is **OVERRULED** and Vanguard's response is subject to the parties' stipulated protective order, *see* [ECF No. 77];

(ii)    Vanguard's objection to Plaintiff's Request for Production No. 18 is **OVERRULED** and Vanguard's response is subject to the parties' stipulated protective order, *see* [*id*];

(iii)    Vanguard's objections to Requests for Production Nos. 22 and 23 are **SUSTAINED** as the requests are cumulative at this stage, provided that Interrogatory No. 12 is responded to; and

(iv)    Request for Production No. 21 is hereby withdrawn.

## II.    CONCLUSION

For the reasons expressed above, Defendant's Motion for Reconsideration [ECF No. 59] is **GRANTED** and Defendant's Objections to Plaintiff's discovery requests are determined as stated in this Order.

**SIGNED** this 5th day of February, 2025.

 

 

LISETTE M. REID
UNITED STATES MAGISTRATE JUDGE

cc:    **Chief U.S. District Judge Cecilia M. Altonaga**
**Counsel of Record**