UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-24089-CIV-ALTONAGA/Reid

ELIZABETH SANTIAGO-
DURAN,

      Plaintiff,
v.

VANGUARD PARKING
SOLUTIONS, INC., *et al.*,

      Defendants.
_____/

## ORDER

**THIS CAUSE** came before the Court on Defendant, Vanguard Parking Solutions Inc.'s Renewed Motion to Compel Arbitration [ECF No. 50], filed on January 16, 2025. Plaintiff, Elizabeth Santiago-Duran filed a Response [ECF No. 71]; to which Vanguard filed a Reply [ECF No. 80]. For the following reasons, the Motion is denied without prejudice.

Vanguard seeks to compel arbitration, asserting that Plaintiff agreed to arbitration on three separate occasions: (1) by entering and parking in a Vanguard-managed garage, where a posted parking agreement included an arbitration clause; (2) by using Vanguard's online payment portal, which displayed a browsewrap arbitration agreement on both the search and payment pages; and (3) by completing payment through the online portal and clicking the terms and conditions box, thereby accepting a clickwrap arbitration agreement. (*See generally* Mot.).

Plaintiff offers several reasons to deny the Motion: (1) Vanguard lacked authority to enter into arbitration agreements with consumers under its own contract with Co-Defendant, Paradise Parking Systems LLC (*see* Resp. 10–11); (2) Plaintiff never agreed to the garage's wall-posted arbitration clause because the agreement was not visible (*see id.* 11); (3) Vanguard has not shown that Plaintiff used its payment portal to make a payment — she asserts she paid through a site

called Parky, whose terms do not require arbitration (*see id.* 11–12); (4) the browsewrap and clickwrap agreements are invalid under applicable law (*see id.* 12–13); (5) Vanguard waived its right to compel arbitration by the actions it has taken in this lawsuit (*see id.* 13–17); and (6) the arbitration agreements are both substantively and procedurally unconscionable (*see id.* 18–19).

The first three objections challenge whether any arbitration agreement exists between the parties. (*See, e.g.*, Decl. of Elizabeth Santiago-Duran [ECF No. 71-1] ¶ 7 ("I did not agree to arbitrate any claim or dispute by utilizing [Parky at] any point in time because the website's terms and conditions do not require . . . arbitration[.]" (alterations added))); *id.* ¶ 15 ("Each of the Parking Invoices claim that a 'Parking Agreement and terms and conditions' were 'clearly displayed at the parking facility,' but other than the Parky Sign, I did not observe any clearly displayed 'Parking Agreement' or 'terms and conditions' at the Parking Garage."); *id.* ¶ 19 ("In paying the $104.59 to Vanguard, I did not know the online payment portal listed on the Parking Invoices was different from the website to which I was directed after scanning the QR code on the Parky Sign.")).

In her Response, Plaintiff thus maintains that Vanguard did not carry its burden of proving that she used Vanguard's payment portal to make her payment. (*See* Resp. 11–12). Only with its Reply does Defendant submit evidence, for the first time, showing that Plaintiff used Vanguard's portal, *not* Parky's website, to pay the parking fee. (*See* Suppl. Decl. of Mendy Goldman [ECF No. 80-1] ¶ 14); *see also, e.g.*, *Sullivan v. City of Dadeville*, No. 22-cv-653, 2024 WL 1283815, at *2 (M.D. Ala. Mar. 26, 2024) ("Defendants made this argument and presented [a defendant's] affidavit for the first time in their reply brief, and courts generally do not consider those arguments or evidence." (alteration added; citation omitted)).

"The threshold question of whether an arbitration agreement exists at all is 'simply a matter of contract.'" *Bazemore v. Jefferson Cap. Sys., LLC*, 827 F.3d 1325, 1329 (11th Cir. 2016) (quoting *First Options of Chi., Inc. v. Kaplan*, 514 U.S. 938, 943 (1995)). "Absent such an

2

agreement, 'a court cannot compel the parties to settle their dispute in an arbitral forum.'" *Id.* (quoting *Klay v. All Defendants*, 389 F.3d 1191, 1200 (11th Cir. 2004)). "[S]tate law governs the issue of the existence of an agreement to arbitrate under the [Federal Arbitration Act]." *Id.* at 1330 (alterations added); *see also Caley v. Gulfstream Aerospace Corp.*, 428 F.3d 1359, 1368 (11th Cir. 2005) ("[I]n determining whether a binding [arbitration] agreement arose between the parties, courts apply the contract law of the particular state that governs the formation of contracts." (alterations added)).

"[A] summary judgment-like standard is appropriate[,] and . . . district court[s] may conclude as a matter of law that parties did or did not enter into an arbitration agreement only if 'there is no genuine dispute as to any material fact' concerning the formation of such an agreement." *Bazemore*, 827 F.3d at 1333 (alterations added; quoting Fed. R. Civ. P. 56(a)). "[E]ntry of summary judgment is appropriate 'against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'" *Id.* at 1334 (alteration added; quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)). But if a material factual dispute exists over whether the parties entered into an agreement, "the Court shall proceed to trial on the issue." *Valencia v. 1300 Ocean Drive, LLC*, No. 17-20669-Civ, 2017 WL 7733158, at *2 (S.D. Fla. Dec. 4, 2017) (citation omitted).

In this case, Florida law governs whether valid arbitration agreements exist between the parties. *See Caley*, 428 F.3d at 1368. Under Florida law, a "'meeting of the minds of the parties on all essential elements is a prerequisite to the existence of an enforceable contract.'" *De Beers Centenary AG v. Hasson*, 751 F. Supp. 2d 1297, 1302 (S.D. Fla. 2010) (quoting *Bus. Specialists, Inc. v. Land & Sea Petroleum, Inc.*, 25 So. 3d 693, 695 (Fla. 4th DCA 2010)). A valid contract requires an "offer, acceptance, consideration[,] and sufficient specification of essential terms." *St.*

3

CASE NO. 24-24089-CIV-ALTONAGA/Reid

*Joe Corp. v. McIver*, 875 So. 2d 375, 381 (Fla. 2004) (alteration added; citation omitted). "The party asserting a contract" — here, Vanguard — "must prove its existence by a preponderance of the evidence." *McDougal v. Comcast Corp.*, No. 16-81906-Civ, 2017 WL 3726040, at *3 (S.D. Fla. Feb. 24, 2017) (citing *St. Joe Corp.*, 875 So. 2d at 381).

Plaintiff has raised sufficient doubt as to the existence of an arbitration agreement, establishing a genuine issue of material fact.[1] *See, e.g.*, *Bazemore*, 827 F.3d at 1334 (denying defendant's motion to compel arbitration even where a plaintiff "provided almost no evidentiary support for her contention that she never entered into an arbitration agreement with" the defendant); *Dahdouh v. Rd. Runner Moving & Storage Inc.*, No. 20-cv-61936, 2020 WL 7481546, at *3 (S.D. Fla. Dec. 3, 2020), *report and recommendation adopted*, No. 20-cv-61936, 2020 WL 7480817 (S.D. Fla. Dec. 18, 2020) ("The conflict is material because it is one that goes to the essence of whether a contract was formed. Moreover, the issue is genuine because a reasonable jury could rule for either party."). When the existence of an arbitration agreement is put "in issue," the Federal Arbitration Act requires the court to "proceed summarily to the trial thereof." 9 U.S.C. § 4.

The fourth and sixth objections proceed from the assumption that one or more arbitration agreements exist, but argue those agreements are either unlawful or unconscionable — defenses expressly permitted under the Federal Arbitration Act. *See id.* § 2; *see also, e.g.*, *Attix v. Carrington Mortg. Servs., LLC*, 35 F.4th 1284, 1302 (11th Cir. 2022) (noting "a party may challenge an arbitration agreement's validity or enforceability based on generally applicable contract defenses such as fraud, duress, or unconscionability" (citation and quotation marks

---

[1] Because Vanguard fails to establish the existence of an arbitration agreement with Plaintiff, the Court need not address Plaintiff's first objection — namely, that Vanguard lacked authority to enter arbitration agreements with consumers under its contract with Paradise. Without a valid agreement, questions of Vanguard's authority under its internal contracts are irrelevant to the outcome.

omitted)). These challenges hinge on disputed facts, and the summary trial ordered here may assist in resolving those factual issues, should Defendant prevail in showing Plaintiff entered into an arbitration agreement. *See Bess v. Check Express*, 294 F.3d 1298, 1306–09 (11th Cir. 2002). Of course, if Defendant fails to establish the existence of such an agreement, the Court need not reach the legality and unconscionability defenses at all.

Finally, Plaintiff's fifth argument — that Vanguard waived its right to compel arbitration — falls short. The Court is not persuaded that Vanguard's conduct, such as threatening Plaintiff with Rule 11 sanctions, seeking to stay discovery (but not based on arbitration), agreeing to mediate, and participating in the preparation of the Joint Scheduling Report, amounts to waiver. Certainly, Defendant's Renewed Motion should come as no surprise; Vanguard has repeatedly asserted it would be seeking to compel arbitration while pursuing dismissal on the basis that Plaintiff fails to state plausible claims against it. (*See* Nov. 13, 2024 Mot. to Dismiss [ECF No. 12] 5–6); *Dockeray v. Carnival Corp.*, 724 F. Supp. 2d 1216, 1222–23 (S.D. Fla. 2010) (collecting cases). Keeping true to its arbitration-agreement defense, Vanguard promptly filed its first Motion to Compel Arbitration [ECF No. 47] just two days after the Court denied its Motion to Dismiss [the] Amended Complaint [ECF No. 26]. (*See generally* Jan. 13, 2025 Order [ECF No. 44]).

For the foregoing reasons, it is

**ORDERED AND ADJUDGED** as follows:

1. Defendant, Vanguard Parking Solutions, Inc.'s Renewed Motion to Compel Arbitration **[ECF No. 50]** is **DENIED without prejudice**.

2. This case will proceed summarily to a trial, as required by 9 U.S.C. section 4, to determine an arbitration agreement exists between the parties.

3. The parties are directed to prepare and file a joint scheduling report, as required by Local Rule 16.1, by **February 17, 2025**, containing suggested deadlines for pretrial activities. A

trial on this limited issue will take place during the Court's two-week trial calendar beginning **May 5, 2025**.

      4.    Discovery between these parties is limited to issues raised in the briefing on the Renewed Motion to Compel Arbitration: the existence, legality, and unconscionability of one or more arbitration agreements.

      **DONE AND ORDERED** in Miami, Florida, this 7th day of February, 2025.

                                         _____
                                         **CECILIA M. ALTONAGA**
                                         **CHIEF UNITED STATES DISTRICT JUDGE**

cc:    counsel of record