UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-CV-24089-CMA

ELIZABETH SANTIAGO-DURAN,
and all others similarly situated,

      Plaintiff,

      v.

VANGUARD PARKING SOLUTIONS, INC.,
PARADISE PARKING SYSTEMS, LLC, and
PENN CREDIT CORPORATION,

      Defendants.

_____/

## ANSWER AND AFFIRMATIVE DEFENSES

Defendant, Paradise Parking Systems, LLC ("Paradise"), pursuant to Rule 8 of the Federal Rules of Civil Procedure, hereby files its Answer and Affirmative Defenses to the Second Amended Complaint [DE 55], filed on January 18, 2025, by the plaintiff, Elizabeth Santiago-Duran, stating:

### JURISDICTION AND VENUE

1.      The allegations in Paragraph 1 constitute legal conclusions, which do not require a response. To the extent that a response is required, Paradise denies the allegations in Paragraph 1.

2.      The allegations in Paragraph 2 constitute legal conclusions, which do not require a response. To the extent that a response is required, Paradise denies the allegations in Paragraph 2.

3.      Paradise lacks sufficient knowledge to admit or deny the allegations in Paragraph 3 and, therefore, denies same.

4.      Paradise lacks sufficient knowledge to admit or deny the allegations in Paragraph 4 and, therefore, denies same.

5.      Admitted

6.      Paradise lacks sufficient knowledge to admit or deny the allegations in Paragraph 6 and, therefore, denies same.

7.      Admitted

8.      Paradise lacks sufficient knowledge to admit or deny the allegations in Paragraph 8 and, therefore, denies same.

9.      Admitted

10.     Admitted

11.     The allegations in Paragraph 11 are not factual allegations that require a response. To the extent that a response is required, Paradise denies the allegations in Paragraph 11.

### THE PARKING SCAM

12.     Denied

13.     Denied

14.     Denied

15.     Paradise admits that the Parking Garage holds itself open to the public for motor vehicle parking.  Paradise lacks sufficient knowledge to admit or deny the date/time depicted in the photographs in Paragraph 15 and, therefore, denies that the pictures are accurate representations.

16.     Denied

17.     Denied

18.     Denied

19.     Denied

20.     Denied

21.     Denied

22.     Denied

23.     Denied

24.     Denied

25.     Denied

26.     Paradise admits that the contract assented to by the plaintiff contains more than 1,200 words.  Paradise denies the remaining allegations in Paragraph 26.

27.     Paradise lacks sufficient knowledge to admit or deny the allegations in Paragraph 27 and, therefore, denies same.

28.     Paradise lacks sufficient knowledge to admit or deny the allegations in Paragraph 28 and, therefore, denies same.

29.     Denied

30.     Denied

31.     The allegations in Paragraph 31 constitute legal conclusions, which do not require a response.  To the extent that a response is required, Paradise denies the allegations in Paragraph 31.

32.     The ordinance referenced in Paragraph 32 speaks for itself, and Paradise denies any allegations inconsistent therewith.

33.     The regulation referenced in Paragraph 33 speaks for itself, and Paradise denies any allegations inconsistent therewith.

34.     The regulation referenced in Paragraph 34 speaks for itself, and Paradise denies any allegations inconsistent therewith.

35.     Denied

36.     Denied

37.     Denied

38.     Admitted

39.     Admitted

40.     Denied

41.     Denied

42.     Denied

43.     Denied

44.     Paradise lacks sufficient knowledge to admit or deny the allegations in Paragraph 44 and, therefore, denies same.

45.     Paradise lacks sufficient knowledge to admit or deny the allegations in Paragraph 45 and, therefore, denies same.

46.     Paradise lacks sufficient knowledge to admit or deny the allegations in Paragraph 46 and, therefore, denies same.

47.    Paradise lacks sufficient knowledge to admit or deny the allegations in Paragraph 47 and, therefore, denies same.

48.    Denied

49.    Denied

50.    Denied

51.    Denied

52.    The regulation referenced in Paragraph 52 speaks for itself, and Paradise denies any allegations inconsistent therewith.

53.    The allegations in Paragraph 53 constitute legal conclusions, which do not require a response.  To the extent that a response is required, Paradise denies the allegations in Paragraph 53.

54.    Denied

### THE PRIVACY AND COLLECTION VIOLATIONS

55.    Denied

56.    Admitted

57.    The agreement referenced in Paragraph 57 speaks for itself, and Paradise denies any allegations inconsistent therewith.

58.    The agreement referenced in Paragraph 58 speaks for itself, and Paradise denies any allegations inconsistent therewith.

59.    The agreement referenced in Paragraph 59 speaks for itself, and Paradise denies any allegations inconsistent therewith.

60.    Denied

61.     Paradise lacks sufficient knowledge to admit or deny the allegations in Paragraph 61 and, therefore, denies same.

62.     Paradise lacks sufficient knowledge to admit or deny the allegations in Paragraph 62 and, therefore, denies same.

63.     Paradise lacks sufficient knowledge to admit or deny the allegations in Paragraph 63 and, therefore, denies same.

64.     The allegations in Paragraph 64 constitute legal conclusions, which do not require a response.  To the extent that a response is required, Paradise denies the allegations in Paragraph 64.

65.     The agreements referenced in Paragraph 65 speak for themselves, and Paradise denies any allegations inconsistent therewith.

66.     The agreement referenced in Paragraph 66 speaks for itself, and Paradise denies any allegations inconsistent therewith.

67.     The agreement referenced in Paragraph 67 speaks for itself, and Paradise denies any allegations inconsistent therewith.

68.     The agreement referenced in Paragraph 68 speaks for itself, and Paradise denies any allegations inconsistent therewith.

69.     Paradise lacks sufficient knowledge to admit or deny the allegations in Paragraph 69 and, therefore, denies same.

70.     The allegations in Paragraph 70 constitute legal conclusions, which do not require a response.  To the extent that a response is required, Paradise denies the allegations in Paragraph 70.

71.     The allegations in Paragraph 71 constitute legal conclusions, which do not require a response.  To the extent that a response is required, Paradise denies the allegations in Paragraph 71.

72.     Denied

73.     Denied

74.     The allegations in Paragraph 74 constitute legal conclusions, which do not require a response.  To the extent that a response is required, Paradise denies the allegations in Paragraph 74.

75.     The allegations in Paragraph 75 constitute legal conclusions, which do not require a response.  To the extent that a response is required, Paradise denies the allegations in Paragraph 75.

76.     The allegations in Paragraph 76 constitute legal conclusions, which do not require a response.  To the extent that a response is required, Paradise denies the allegations in Paragraph 76.

77.     Paradise lacks sufficient knowledge to admit or deny the allegations in Paragraph 69 and, therefore, denies same.

78.     The letter referenced in Paragraph 78 speaks for itself, and Paradise denies any allegations inconsistent therewith.

79.     The letter referenced in Paragraph 79 speaks for itself, and Paradise denies any allegations inconsistent therewith.

80.     The letter referenced in Paragraph 80 speaks for itself, and Paradise denies any allegations inconsistent therewith.

81.     The letters referenced in Paragraph 81 speaks for itself, and Paradise denies any allegations inconsistent therewith.

82.     Admitted

83.     The parking invoice referenced in Paragraph 83 speaks for itself, and Paradise denies any allegations inconsistent therewith.

84.     The parking invoice referenced in Paragraph 84 speaks for itself, and Paradise denies any allegations inconsistent therewith.

85.     Paradise lacks sufficient knowledge to admit or deny the allegations in Paragraph 85 and, therefore, denies same.

86.     Paradise lacks sufficient knowledge to admit or deny the allegations in Paragraph 86 and, therefore, denies same.

87.     Paradise lacks sufficient knowledge to admit or deny the allegations in Paragraph 87 and, therefore, denies same.

88.     The parking invoice referenced in Paragraph 88 speaks for itself, and Paradise denies any allegations inconsistent therewith.

89.     Denied

90.     Denied

91.     Denied

92.     Denied

93.     The allegations in Paragraph 93 constitute legal conclusions, which do not require a response.  To the extent that a response is required, Paradise denies the allegations in Paragraph 93.

**THE FERRO LAW FIRM**
ATTORNEYS AT LAW
255 ALHAMBRA CIRCLE ‖ 8TH FLOOR ‖ CORAL GABLES, FLORIDA ‖ 33134
8

94.   The agreement referenced in Paragraph 94 speaks for itself, and Paradise denies any allegations inconsistent therewith.

95.   Paradise lacks sufficient knowledge to admit or deny the allegations in Paragraph 95 and, therefore, denies same.

96.   The allegations in Paragraph 96 constitute legal conclusions, which do not require a response.  To the extent that a response is required, Paradise denies the allegations in Paragraph 96.

97.   The allegations in Paragraph 97 constitute legal conclusions, which do not require a response.  To the extent that a response is required, Paradise denies the allegations in Paragraph 97.

98.   Paradise lacks sufficient knowledge to admit or deny the allegations in Paragraph 98 and, therefore, denies same.

99.   Paradise lacks sufficient knowledge to admit or deny the allegations in Paragraph 99 and, therefore, denies same.

100.   The allegations in Paragraph 100 constitute legal conclusions, which do not require a response.  To the extent that a response is required, Paradise denies the allegations in Paragraph 100.

101.   Paradise lacks sufficient knowledge to admit or deny the allegations in Paragraph 101 and, therefore, denies same.

102.   Paradise lacks sufficient knowledge to admit or deny the allegations in Paragraph 102 and, therefore, denies same.

103.    Paradise lacks sufficient knowledge to admit or deny the allegations in Paragraph 103 and, therefore, denies same.

104.    The allegations in Paragraph 104 constitute legal conclusions, which do not require a response.  To the extent that a response is required, Paradise denies the allegations in Paragraph 104.

105.    The allegations in Paragraph 105 constitute legal conclusions, which do not require a response.  To the extent that a response is required, Paradise denies the allegations in Paragraph 105.

106.    The allegations in Paragraph 106 constitute legal conclusions, which do not require a response.  To the extent that a response is required, Paradise denies the allegations in Paragraph 106.

107.    The parking invoices referenced in Paragraph 107 speak for themselves, and Paradise denies any allegations inconsistent therewith.

108.    Paradise lacks sufficient knowledge to admit or deny the allegations in Paragraph 108 and, therefore, denies same.

109.    Paradise lacks sufficient knowledge to admit or deny the allegations in Paragraph 109 and, therefore, denies same.

110.    The allegations in Paragraph 110 constitute legal conclusions, which do not require a response.  To the extent that a response is required, Paradise denies the allegations in Paragraph 110.

111.    The allegations in Paragraph 111 constitute legal conclusions, which do not require a response.  To the extent that a response is required, Paradise denies the allegations in Paragraph 111.

112.    Paradise lacks sufficient knowledge to admit or deny the allegations in Paragraph 112 and, therefore, denies same.

113.    Paradise lacks sufficient knowledge to admit or deny the allegations in Paragraph 113 and, therefore, denies same.

114.    The parking invoices referenced in Paragraph 114 speak for themselves, and Paradise denies any allegations inconsistent therewith.

115.    The parking invoices referenced in Paragraph 115 speak for themselves, and Paradise denies any allegations inconsistent therewith.

116.    The allegations in Paragraph 116 constitute legal conclusions, which do not require a response.  To the extent that a response is required, Paradise denies the allegations in Paragraph 116.

117.    The allegations in Paragraph 117 constitute legal conclusions, which do not require a response.  To the extent that a response is required, Paradise denies the allegations in Paragraph 117.

118.    The allegations in Paragraph 118 constitute legal conclusions, which do not require a response.  To the extent that a response is required, Paradise denies the allegations in Paragraph 118.

119.    The allegations in Paragraph 119 constitute legal conclusions, which do not require a response.  To the extent that a response is required, Paradise denies the allegations in Paragraph 119.

120.    The allegations in Paragraph 120 constitute legal conclusions, which do not require a response.  To the extent that a response is required, Paradise denies the allegations in Paragraph 120.

121.    The allegations in Paragraph 121 constitute legal conclusions, which do not require a response.  To the extent that a response is required, Paradise denies the allegations in Paragraph 121.

122.    The receipt referenced in Paragraph 122 speaks for itself, and Paradise denies any allegations inconsistent therewith.

123.    Paradise lacks sufficient knowledge to admit or deny the allegations in Paragraph 123 and, therefore, denies same.

124.    Paradise lacks sufficient knowledge to admit or deny the allegations in Paragraph 124 and, therefore, denies same.

125.    Paradise lacks sufficient knowledge to admit or deny the allegations in Paragraph 125 and, therefore, denies same.

126.    The allegations in Paragraph 126 constitute legal conclusions, which do not require a response.  To the extent that a response is required, Paradise denies the allegations in Paragraph 126.

127.    Paradise lacks sufficient knowledge to admit or deny the allegations in Paragraph 127 and, therefore, denies same.

128.    Paradise lacks sufficient knowledge to admit or deny the allegations in Paragraph 128 and, therefore, denies same.

129.    Paradise lacks sufficient knowledge to admit or deny the allegations in Paragraph 129 and, therefore, denies same.

130.    Paradise lacks sufficient knowledge to admit or deny the allegations in Paragraph 130 and, therefore, denies same.

131.    Paradise lacks sufficient knowledge to admit or deny the allegations in Paragraph 131 and, therefore, denies same.

132.    The rule referenced in Paragraph 132 speaks for itself, and Paradise denies any allegations inconsistent therewith.

133.    The rule referenced in Paragraph 133 speaks for itself, and Paradise denies any allegations inconsistent therewith.

134.    The letter referenced in Paragraph 134 speaks for itself, and Paradise denies any allegations inconsistent therewith.

135.    Paradise lacks sufficient knowledge to admit or deny the allegations in Paragraph 135 and, therefore, denies same.

136.    The letter referenced in Paragraph 136 speaks for itself, and Paradise denies any allegations inconsistent therewith.

137.    The allegations in Paragraph 137 constitute legal conclusions, which do not require a response.  To the extent that a response is required, Paradise denies the allegations in Paragraph 137.

138.     The allegations in Paragraph 138 constitute legal conclusions, which do not require a response.  To the extent that a response is required, Paradise denies the allegations in Paragraph 138.

139.     The allegations in Paragraph 139 constitute legal conclusions, which do not require a response.  To the extent that a response is required, Paradise denies the allegations in Paragraph 139.

140.     The allegations in Paragraph 140 constitute legal conclusions, which do not require a response.  To the extent that a response is required, Paradise denies the allegations in Paragraph 140.

141.     The allegations in Paragraph 141 constitute legal conclusions, which do not require a response.  To the extent that a response is required, Paradise denies the allegations in Paragraph 141.

142.     The allegations in Paragraph 142 constitute legal conclusions, which do not require a response.  To the extent that a response is required, Paradise denies the allegations in Paragraph 142.

143.     The letter referenced in Paragraph 143 speaks for itself, and Paradise denies any allegations inconsistent therewith.

144.     Paradise lacks sufficient knowledge to admit or deny the allegations in Paragraph 144 and, therefore, denies same.

145.     Paradise lacks sufficient knowledge to admit or deny the allegations in Paragraph 145 and, therefore, denies same.

146.     Paradise lacks sufficient knowledge to admit or deny the allegations in Paragraph 146 and, therefore, denies same.

147.     Paradise lacks sufficient knowledge to admit or deny the allegations in Paragraph 147 and, therefore, denies same.

148.     Paradise lacks sufficient knowledge to admit or deny the allegations in Paragraph 148 and, therefore, denies same.

149.     The letter referenced in Paragraph 149 speaks for itself, and Paradise denies any allegations inconsistent therewith.

150.     The letter referenced in Paragraph 150 speaks for itself, and Paradise denies any allegations inconsistent therewith.

151.     Paradise lacks sufficient knowledge to admit or deny the allegations in Paragraph 151 and, therefore, denies same.

152.     The allegations in Paragraph 152 constitute legal conclusions, which do not require a response.  To the extent that a response is required, Paradise denies the allegations in Paragraph 152.

### NEGLIGENT CONDUCT OF DEFENDANTS

153.     The agreement referenced in Paragraph 153 speaks for itself, and Paradise denies any allegations inconsistent therewith.

154.     Denied

155.     Denied

156.     The agreement referenced in Paragraph 156 speaks for itself, and Paradise denies any allegations inconsistent therewith.

157.     The agreement referenced in Paragraph 157 speaks for itself, and Paradise denies any allegations inconsistent therewith.

158.     The agreement referenced in Paragraph 158 speaks for itself, and Paradise denies any allegations inconsistent therewith.

159.     The allegations in Paragraph 159 constitute legal conclusions, which do not require a response.  To the extent that a response is required, Paradise denies the allegations in Paragraph 159.

160.     The allegations in Paragraph 160 constitute legal conclusions, which do not require a response.  To the extent that a response is required, Paradise denies the allegations in Paragraph 160.

161.     The allegations in Paragraph 161 constitute legal conclusions, which do not require a response.  To the extent that a response is required, Paradise denies the allegations in Paragraph 161.

162.     The allegations in Paragraph 162 constitute legal conclusions, which do not require a response.  To the extent that a response is required, Paradise denies the allegations in Paragraph 162.

163.     The allegations in Paragraph 163 constitute legal conclusions, which do not require a response.  To the extent that a response is required, Paradise denies the allegations in Paragraph 163.

## <u>CLASS ACTION ALLEGATIONS</u>

164.    The allegations in Paragraph 164 merely recite the nature of the action and are not factual allegations that require a response.  To the extent that a response is required, Paradise denies the allegations in Paragraph 164.

165.    The allegations in Paragraph 165 constitute legal conclusions, which do not require a response.  To the extent that a response is required, Paradise denies the allegations in Paragraph 165.

166.    The allegations in Paragraph 166 constitute legal conclusions, which do not require a response.  To the extent that a response is required, Paradise denies the allegations in Paragraph 166.

167.    Paradise lacks sufficient knowledge to admit or deny the allegations in Paragraph 167 and, therefore, denies same.

168.    Paradise lacks sufficient knowledge to admit or deny the allegations in Paragraph 168 and, therefore, denies same.

169.    The allegations in Paragraph 169 constitute legal conclusions, which do not require a response.  To the extent that a response is required, Paradise denies the allegations in Paragraph 169.

170.    The allegations in Paragraph 170 merely recite the nature of the action and are not factual allegations that require a response.  To the extent that a response is required, Paradise denies the allegations in Paragraph 170.

171.    The allegations in Paragraph 171 constitute legal conclusions, which do not require a response.  To the extent that a response is required, Paradise denies the allegations in Paragraph 171.

172.    The allegations in Paragraph 172 constitute legal conclusions, which do not require a response.  To the extent that a response is required, Paradise denies the allegations in Paragraph 172.

173.    The allegations in Paragraph 173 constitute legal conclusions, which do not require a response.  To the extent that a response is required, Paradise denies the allegations in Paragraph 173.

174.    The allegations in Paragraph 174 constitute legal conclusions, which do not require a response.  To the extent that a response is required, Paradise denies the allegations in Paragraph 174.

175.    The allegations in Paragraph 175 merely recite the nature of the action and are not factual allegations that require a response.  To the extent that a response is required, Paradise denies the allegations in Paragraph 175.

176.    The allegations in Paragraph 176 constitute legal conclusions, which do not require a response.  To the extent that a response is required, Paradise denies the allegations in Paragraph 176.

**COUNT 1**
**VIOLATION OF FLA. STAT. § 559.72(9)**
**(INDIVIDUAL CLAIM AGAINST VANGUARD)**

The allegations in Paragraphs 177 through 185 are not directed at Paradise and, therefore, no response is required.  To the extent that a response is required, Paradise denies the allegations

in Paragraphs 177 through 185.  Paradise further denies the allegations in the Wherefore Paragraph.  Paradise denies that Plaintiff is entitled to any relief whatsoever and demands judgment in favor of Paradise and against Plaintiff.

**COUNT 2**
**VIOLATION OF 15 U.S.C. § 1692E(11)**
**(INDIVIDUAL CLAIM AGAINST VANGUARD)**

The allegations in Paragraphs 186 through 193 are not directed at Paradise and, therefore, no response is required.  To the extent that a response is required, Paradise denies the allegations in Paragraphs 186 through 193.  Paradise further denies the allegations in the Wherefore Paragraph.  Paradise denies that Plaintiff is entitled to any relief whatsoever and demands judgment in favor of Paradise and against Plaintiff.

**COUNT 3**
**VIOLATION OF 15 U.S.C. §§ 1692G AND 1692E**
**(INDIVIDUAL CLAIM AGAINST VANGUARD)**

The allegations in Paragraphs 194 through 202 are not directed at Paradise and, therefore, no response is required.  To the extent that a response is required, Paradise denies the allegations in Paragraphs 194 through 202.  Paradise further denies the allegations in the Wherefore Paragraph.  Paradise denies that Plaintiff is entitled to any relief whatsoever and demands judgment in favor of Paradise and against Plaintiff.

**COUNT 4**
**VIOLATION OF 15 U.S.C. §§ 1692E, 1692F, AND 1692G**
**(INDIVIDUAL CLAIM AGAINST PENNCREDIT)**

The allegations in Paragraphs 203 through 215 are not directed at Paradise and, therefore, no response is required.  To the extent that a response is required, Paradise denies the allegations in Paragraphs 203 through 215.  Paradise further denies the allegations in the Wherefore

**THE FERRO LAW FIRM**
ATTORNEYS AT LAW
255 ALHAMBRA CIRCLE ‖ 8TH FLOOR ‖ CORAL GABLES, FLORIDA ‖ 33134

19

Paragraph. Paradise denies that Plaintiff is entitled to any relief whatsoever and demands judgment in favor of Paradise and against Plaintiff.

**COUNT 5**
**VIOLATION OF 15 U.S.C. §§ 1692E(2)(A)**
**(INDIVIDUAL CLAIM AGAINST PENNCREDIT)**

The allegations in Paragraphs 216 through 223 are not directed at Paradise and, therefore, no response is required. To the extent that a response is required, Paradise denies the allegations in Paragraphs 216 through 223. Paradise further denies the allegations in the Wherefore Paragraph. Paradise denies that Plaintiff is entitled to any relief whatsoever and demands judgment in favor of Paradise and against Plaintiff.

**COUNT 6**
**VIOLATION OF 15 U.S.C. §§ 1692E**
**(INDIVIDUAL CLAIM AGAINST PENNCREDIT)**

The allegations in Paragraphs 224 through 233 are not directed at Paradise and, therefore, no response is required. To the extent that a response is required, Paradise denies the allegations in Paragraphs 224 through 233. Paradise further denies the allegations in the Wherefore Paragraph. Paradise denies that Plaintiff is entitled to any relief whatsoever and demands judgment in favor of Paradise and against Plaintiff.

**COUNT 7**
**VIOLATION OF THE DPPA**
**(CLASS ACTION AGAINST VANGUARD)**

The allegations in Paragraphs 234 through 255 are not directed at Paradise and, therefore, no response is required. To the extent that a response is required, Paradise denies the allegations in Paragraphs 234 through 255. Paradise further denies the allegations in the Wherefore

**THE FERRO LAW FIRM**
ATTORNEYS AT LAW
255 ALHAMBRA CIRCLE ‖ 8TH FLOOR ‖ CORAL GABLES, FLORIDA ‖ 33134

Paragraph.   Paradise denies that Plaintiff is entitled to any relief whatsoever and demands judgment in favor of Paradise and against Plaintiff.

**COUNT 8**
**MONEY HAD AND RECEIVED**
**(CLASS ACTION AGAINST VANGUARD AND PARADISE)**

256.    Paradise repeats and re-alleges its responses to Paragraphs 12-176 as if fully set forth herein.

257.    The allegations in Paragraph 257 constitute legal conclusions, which do not require a response.   To the extent that a response is required, Paradise denies the allegations in Paragraph 257.

258.    The allegations in Paragraph 258 constitute legal conclusions, which do not require a response.   To the extent that a response is required, Paradise denies the allegations in Paragraph 258.

259.    Denied

260.    The allegations in Paragraph 260 constitute legal conclusions, which do not require a response.   To the extent that a response is required, Paradise denies the allegations in Paragraph 260.

261.    Denied

262.    The allegations in Paragraph 262 constitute legal conclusions, which do not require a response.   To the extent that a response is required, Paradise denies the allegations in Paragraph 262.

263.    Denied

**THE FERRO LAW FIRM**
ATTORNEYS AT LAW
255 ALHAMBRA CIRCLE ‖ 8TH FLOOR ‖ CORAL GABLES, FLORIDA ‖ 33134

**COUNT 9**
**VIOLATION OF THE DPPA**
**(CLASS ACTION AGAINST PARADISE)**

264.    Paradise repeats and re-alleges its responses to Paragraphs12-176 as if fully set forth herein.

265.    Denied

266.    The agreement referenced in Paragraph 266 speaks for itself, and Paradise denies any allegations inconsistent therewith.

267.    The agreement referenced in Paragraph 267 speaks for itself, and Paradise denies any allegations inconsistent therewith.

268.    The agreement referenced in Paragraph 268 speaks for itself, and Paradise denies any allegations inconsistent therewith.

269.    Denied

270.    Denied

271.    The allegations in Paragraph 271 constitute legal conclusions, which do not require a response.  To the extent that a response is required, Paradise denies the allegations in Paragraph 271.

272.    Denied

273.    The allegations in Paragraph 273 constitute legal conclusions, which do not require a response.  To the extent that a response is required, Paradise denies the allegations in Paragraph 273.

**THE FERRO LAW FIRM**
ATTORNEYS AT LAW
255 ALHAMBRA CIRCLE ‖ 8TH FLOOR ‖ CORAL GABLES, FLORIDA ‖ 33134

274.    The allegations in Paragraph 274 constitute legal conclusions, which do not require a response.  To the extent that a response is required, Paradise denies the allegations in Paragraph 274.

275.    The allegations in Paragraph 275 constitute legal conclusions, which do not require a response.  To the extent that a response is required, Paradise denies the allegations in Paragraph 275.

276.    The allegations in Paragraph 276 constitute legal conclusions, which do not require a response.  To the extent that a response is required, Paradise denies the allegations in Paragraph 276.

277.    Denied

278.    Denied

279.    The allegations in Paragraph 279 constitute legal conclusions, which do not require a response.  To the extent that a response is required, Paradise denies the allegations in Paragraph 279.

280.    Denied

281.    The allegations in Paragraph 281 constitute legal conclusions, which do not require a response.  To the extent that a response is required, Paradise denies the allegations in Paragraph 281.

282.    Denied

283.    Denied

284.    Denied

285.     The allegations in Paragraph 285 constitute legal conclusions, which do not require a response.  To the extent that a response is required, Paradise denies the allegations in Paragraph 285.

286.     The allegations in Paragraph 286 constitute legal conclusions, which do not require a response.  To the extent that a response is required, Paradise denies the allegations in Paragraph 286.

287.     Denied

288.     Denied

289.     The allegations in Paragraph 289 constitute legal conclusions, which do not require a response.  To the extent that a response is required, Paradise denies the allegations in Paragraph 289.

290.     Denied

291.     Denied

292.     The allegations in Paragraph 292 constitute legal conclusions, which do not require a response.  To the extent that a response is required, Paradise denies the allegations in Paragraph 292.

293.     Denied

**COUNT 10**
**NEGLIGENCE**
**(INDIVIDUAL CLAIM AGAINST PARADISE)**

294.     Paradise repeats and re-alleges its responses to Paragraphs12-163 as if fully set forth herein.

295.    The allegations in Paragraph 295 constitute legal conclusions, which do not require a response.  To the extent that a response is required, Paradise denies the allegations in Paragraph 295.

296.    The allegations in Paragraph 296 constitute legal conclusions, which do not require a response.  To the extent that a response is required, Paradise denies the allegations in Paragraph 296.

297.    Denied

298.    Denied

### COUNT 11
### NEGLIGENCE
### (INDIVIDUAL CLAIM AGAINST VANGUARD)

The allegations in Paragraphs 299 through 303 are not directed at Paradise and, therefore, no response is required.  To the extent that a response is required, Paradise denies the allegations in Paragraphs 299 through 303.  Paradise further denies the allegations in the Wherefore Paragraph.  Paradise denies that Plaintiff is entitled to any relief whatsoever and demands judgment in favor of Paradise and against Plaintiff.

### COUNT 12
### NEGLIGENCE
### (INDIVIDUAL CLAIM AGAINST VANGUARD AND PARADISE)

304.    Paradise repeats and re-alleges its responses to Paragraphs12-163 as if fully set forth herein.

305.    The allegations in Paragraph 305 constitute legal conclusions, which do not require a response.  To the extent that a response is required, Paradise denies the allegations in Paragraph 305.

**THE FERRO LAW FIRM**
ATTORNEYS AT LAW
255 ALHAMBRA CIRCLE ‖ 8TH FLOOR ‖ CORAL GABLES, FLORIDA ‖ 33134

306.    Denied

307.    Denied

308.    Denied

309.    Denied

## **AFFIRMATIVE DEFENSES**

Without assuming the burden to prove that which properly falls on Plaintiff, Paradise pleads the following separate, additional, and alternative affirmative defenses.  Paradise reserves the right to assert any additional and further defenses that may be revealed as the case develops.

### **FIRST AFFIRMATIVE DEFENSE – MANDATORY ARBITRATION**

As its first affirmative defense, Paradise states that Plaintiff's claims are barred by the mandatory arbitration provision contained in the Parking Agreement that she assented to when she accessed the Parking Garage and in the mandatory arbitration provision that she assented to when she accessed Vanguard's payment portal.

### **SECOND AFFIRMATIVE DEFENSE – WAIVER**

As its second affirmative defense, Paradise states that Plaintiff's claims are barred by the waiver contained in the Parking Agreement that she assented to when she accessed the Parking Garage and in the mandatory arbitration provision that she assented to when she accessed Vanguard's payment portal where she permitted the obtaining of her records from the Department of Motor Vehicles, agreed to pay the parking fees, and agreed to refrain from joining a class.

**THE FERRO LAW FIRM**

ATTORNEYS AT LAW

255 ALHAMBRA CIRCLE ‖ 8TH FLOOR ‖ CORAL GABLES, FLORIDA ‖ 33134

### THIRD AFFIRMATIVE DEFENSE – UNCLEAN HANDS

As its third affirmative defense, Paradise states that Plaintiff's claims are barred by the doctrine of unclean hands.  Specifically, Plaintiff used a parking garage that Plaintiff knew required payment and Plaintiff failed to pay.

### FOURTH AFFIRMATIVE DEFENSE – BONA FIDE ERROR

As its fourth affirmative defense, Paradise states that Plaintiff's claims are barred because its actions were the product of a bone fide error, notwithstanding the maintenance of procedures reasonably adopted to avoid such error.

### FIFTH AFFIRMATIVE DEFENSE – PERMISSIBLE USES

As its fifth affirmative defense, Paradise states that Plaintiff's claims are barred because its alleged use of Plaintiff's information was permissible because it was in furtherance of an investigation in anticipation of litigation.

### SIXTH AFFIRMATIVE DEFENSE – ECONOMIC LOSS RULE

As its sixth affirmative defense, Paradise states that Plaintiff's tort claims are barred by the economic loss rule because a written agreement exists between the parties.

### SEVENTH AFFIRMATIVE DEFENSE – NO AGENCY

As its seventh affirmative defense, Paradise states that Plaintiff's claims are barred because there is no agency relationship between Vanguard and Paradise.  Specifically, the agreement between Vanguard and Paradise expressly states that Vanguard is an independent contractor and not an agent of Paradise.

## EIGHTH AFFIRMATIVE DEFENSE – VOLUNTARY PAYMENT

As its eighth affirmative defense, Paradise states that Plaintiff's claims are barred by the voluntary payment doctrine.  Specifically, Plaintiff elected to pay the parking fee.

Respectfully submitted,

**THE FERRO LAW FIRM, P.A.**
255 ALHAMBRA CIRCLE, 8TH FLOOR
CORAL GABLES, FLORIDA 33134
OFF. (305) 448-1033
CELL. (305) 984-8892
EMAIL. SIMON@THEFERROFIRM.COM
ALT. EMAIL. FERRO.SIMON@GMAIL.COM


BY: /s/ *Simon Ferro*
     SIMON FERRO
     FLORIDA BAR NO. 37014

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on February 25, 2025, I caused the foregoing document to be filed with the Clerk of the Court *via* CM/ECF. I also certify that the foregoing document is being served this day on all parties and/or counsel of record *via* transmission of Notices of Electronic Filing generated by CM/ECF.

/s/      *Simon Ferro*
      Simon Ferro